## Nance v. Cash.

(Decided April 28, 1911.)

### Appeal from Hickman Circuit Court.

Malicious Prosecution—Action—Advice of Counsel.—Peremptory Instruction.—Where in an action for malicious prosecution the evidence shows that the defendant fully and fairly disclosed to counsel all the facts bearing on the guilt or innocence of the accused which he knew or could have ascertained by reasonable diligence, and he then upon advice of counsel and in good faith instituted the prosecution, such advice constitutes a complete defense, and the defendant is entitled to a peremptory instruction.

J. KELLY SMITH for appellant.

W. J. WEBB, BENNETT, ROBBINS & THOMAS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

The appellee, W. A. Cash, swore out a warrant against appellant, L. B. Nance, charging him with the offense of willful and unlawful trespass. Appellant was arrested and confined in jail for four days. Upon his examining trial he was discharged. He then brought this action against appellee to recover damages for malicious prosecution. Appellee based his defense on the ground that he had probable cause for instituting the prosecution, and on the further ground that he acted upon the advice of counsel before whom he laid all the facts of the case. Upon the conclusion of the testimony, the trial court gave a peremptory instruction in favor of appellee. To review the propriety of this ruling, Nance appeals.

Briefly stated, the facts are as follows: Appellant was a tenant on a farm belonging to W. T. Cash, appellee's father. Appellant testified that, on February 20, 1909, he bought from W. T. Cash six cypress trees growing on the back of the farm, and paid therefor the sum of twenty dollars. Shortly after the purchase W. T.

Cash became ill, and died on March 15th, 1909. During the illness of the elder Cash, appellant was engaged in cutting the trees which he claims to have purchased. Part of the trees he hauled to Finney's mill. Upon seeing the cypress logs at the mill, appellee notified Finney not to saw them. This information Finney communicated to Nance. Appellant then went to appellee and told him that he bought the timber, stating that he could prove the purchase by his brother-in-law, Harley Burkett. The latter, when on the stand, corroborated appellant's evidence as to the purchase. Shell Tolley testified that he had a conversation with appellee, who admitted that Nance had a contract with his father for six trees, but claimed Nance had not paid for the same. A. N. Snow testified that the elder Cash informed him that he had sold Nance some timber and was to furnish him boards. John S. Rogers testified that the elder Cash told him that he had sold appellant twenty dollars worth of timber.

The testimony for appellee was to the effect that appellee's father stated, a few days before he died, that appellant was trying to get certain timber from him and he was afraid he was going to have trouble with him. On the day appellant claims to have bought the timber, appellee's mother told him that his father was in Mayfield. Appellant made different statements to different people as to the number of trees he had bought, and the amount of money he paid for same. He told Mr. Bud Courtney that he bought, or was trying to buy, one or two trees. Appellee learned from Finney that appellant told the former he had bought five trees, and paid thirteen dollars for them. Squire Mott told appellee that appellant claimed at one time to have bought four trees, and at another time three trees. Upon learning all these facts, appellee went to W. J. Webb, an attorney at Mayfield, Kentucky, and laid the facts before him. At that time there were two of the trees which appellant claims to have bought that he had not cut. Webb advised that appellant be notified not to cut any more trees. This was done, but appellant cut the trees and thereafter Webb advised appellee to procure the warrant. Bud Courtney and Squire Mott afterwards came upon the stand and corroborated appellee's testimony as to the statements which he claims they made to him. The statement which appellee claims his father made to him is corroborated by the

testimony of his grandfather, Louis Cash, who was present when the statement was made. Webb, the attorney whom appellee consulted, corroborates the testimony of appellee; and while he was subjected to a long cross-examination, it does not appear that there were any facts connected with the case which appellee failed to divulge.

The rule is that advice of counsel is a defense in an action for malicious prosecution only when all the facts bearing upon the guilt or innocence of the accused which the prosecutor knows, or could have ascertained by reasonable inquiry, are fully and fairly disclosed to counsel. (Burke v. Rhodes, 13 Ky. Law Rep., 431.) It is the contention of appellant that appellee did not comply with this rule, because he failed to ascertain and lay before his attorney the fact that his father had stated to Rogers and Snow that appellant had purchased the timber in question. Appellant, however, did not state to appellee that these two witnesses would so testify. He did tell appellee what his brother-in-law would testify to, and appellee consulted his brother-in-law. There was, therefore, nothing to put appellee on notice, or from which he could infer that Rogers and Snow would make such statements. It was not, then, a want of reasonable diligence on his part that he failed to inquire of Rogers and Snow what they knew about the case.

After carefully comparing the testimony of all the witnesses, together with all the facts appellee and Webb both claim were laid before the latter, we fail to find wherein appellee omitted to make a full and fair disclosure of the facts which he knew, or could have ascertained by reason diligence. That being true, we conclude that the advice which appellee obtained from his counsel, and upon which he acted in perfect good faith, was a complete defense to appellant's action, and that the trial court properly directed a verdict in favor of appellee.

Judgment affirmed.