## Bowman v. Combs.

(Decided May 12, 1925.)

### Appeal from Clark Circuit Court.

1. Venue—Action Property Brought in County to which Malicious Prosecution was Transferred.—Where prosecution for forgery was begun in one county, but under Criminal Code of Practice, sections 166, 167, was transferred to another, action for malicious prosecution was properly brought in latter county, in view of Civil Code of Practice, section 74.

2. Malicious Prosecution—Advice of Counsel, Based on Misstatement of Fact, no Defense.—In action for malicious prosecution for forgery, fact that defendant acted on advice of counsel, to whom he had misstated facts, constituted no defense.

3. Malicious Prosecution—$1,250.00 Damages Held Not Excessive.— In action for malicious prosecution for forgery, causing plaintiff to be imprisoned 87 days, in view of testimony that defendant instituted it to collect debt, verdict of $1,250.00 was not excessive.

REDWINE & REDWINE and RYLAND C. MUSICK for appellant.

RODNEY HAGGARD for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

Bedford Bowman caused a prosecution on the charge of uttering a forged instrument to be instituted against

Levi Combs. On the trial of the case Combs was acquitted. He then brought this action against Bowman charging that he had instituted that proceeding falsely, maliciously and without probable cause, to his damage in the sum of $10,000.00. The issues were made up and on the hearing of the case there was a verdict and judgment in favor of the plaintiff for $1,250.00.

The proof for the plaintiff showed these facts: Bowman was a well to do farmer. Combs was a laborer, when not engaged in peddling chickens and other like poultry. He had bought poultry for Bowman and Bowman had lent him some money, beside paying for what he bought. Combs owed Bowman $37.00. He wanted $50.00 and asked Bowman to lend it to him. Bowman declined to do this but said he would go on his note to a bank at Winchester. Combs could neither read nor write. He got a neighbor to write a letter for him to the bank and it mailed him a blank note. He had a neighbor to sign his name to it and then took it to Bowman and Bowman signed his name to it. The note was sent to the bank and out of the proceeds Combs paid Bowman the $37.00 he owed him. When the note fell due it was not paid. By that time Combs owed Bowman $150.00. Bowman paid the note and Combs executed to him a note for $200.00. Combs failed to pay the note according to promise and in February, 1923, or about three months after the note was executed, Bowman met Combs on the street, jerked out a gun and said he would have to give him that hundred dollar bill or he would take him to jail. Combs did not have a hundred dollar bill; Bowman took him before a magistrate; the magistrate committed him to jail on the charge made by Bowman that he had uttered the fifty dollar note knowing that Bowman's name on it was a forgery. Combs remained in jail five days. He then gave bond for his appearance. He was indicted by the grand jury. When the case came on for trial the court held that the jurisdiction of the offense was in the Clark circuit court, and that the court in Lee county, where they resided, had no jurisdiction. The case was then transferred to the Clark circuit court and a new indictment was found there. Combs was imprisoned in that county for eighty-two days, but finally on the trial of the case was acquitted.

On the other hand the proof by the defendant Bowman is that he never saw the fifty dollar note; did not

sign it or know anything about it; that he paid it after it was due rather than be sued upon it as he thought that might hurt his credit.

The first question arising on the appeal is the objection to the jurisdiction of the Clark circuit court of the action. The prosecution was begun in Lee county, but under sections 166, 167 of the Criminal Code it was a continuous prosecution and was simply transferred from one court to the other. The defendant was imprisoned in jail in both counties. In Evans v. Maysville, &c., R. R. Co., 77 S. W. 708, which was a precisely similar case, this court construing section 74 of the Civil Code said:

> "We have a case where the injuries and wrongs alleged to have been committed upon appellant were begun in Mason county, continued in and through Greenup, and into and ended in Bath county. It was one continued transaction. For this injury, if any, appellant has a cause of action, and he had the right to elect in which county he would institute it."

Under this rule clearly the Clark circuit court properly overruled the demurrer to the jurisdiction of the court.

Appellant also complains that the court did not give the jury the instruction which he asked, to the effect that if he submitted all of the facts regarding the alleged forgery to the county attorneys of Lee and Clark counties, and was advised by them to seek an indictment against the plaintiff, they should find for the defendant.

The defendant testified that he took out the indictment in the Lee circuit court on the advice of the county attorney, Mr. Beatty. He also testified that he obtained the indictment in the Clark circuit court upon the advice of the county attorney there. But his statement as to the facts on which this advice was based is in these words: "I told him here was a note with my name signed to it and that this man got money from the Winchester bank on the note and it was a forgery and I asked him what to do about it." On this statement of facts there was nothing for the county attorney to do but to advise him to go before the grand jury and have the grand jury

to act upon the matter. The rule as to the advice of counsel in cases of this sort is thus stated by the court:

"This rule is that advice of counsel is a defense in an action for malicious prosecution only when all the facts bearing upon the guilt or innocence of the accused which the prosecutor knows, or could have ascertained by reasonable inquiry, are fully and fairly disclosed to counsel." Nance v. Cash, 143 Ky. 358.

"Advice of counsel is not a defense in an action for malicious prosecution unless the facts are fully and fairly laid before the counsel. If the real facts are not laid before the counsel, his opinion is no defense to an action for malicious prosecution." Gatz v. Harris, 134 Ky. 556.

Appellant did not tell the real facts to either county attorney. He cannot justify his action in a case like this by his own misstatement to the attorney of a fact within his personal knowledge. The real facts are not then laid before the attorney. It appearing that the advice of the attorneys was procured by his misstatement of the facts he cannot rely on the advice as a protection here. The court, therefore, did not err in refusing the instruction asked. The advice of the attorney on the facts he stated to the attorney threw no light on whether he had probable cause to believe that the note was a forgery. The advice was based upon the assumption, stated by him as a fact, that the note was a forgery.

It is also insisted that the verdict is excessive in view of the fact that Combs is shown to be a man of bad character and that he peddles moonshine as well as chickens. But there is no precise way of measuring damages in a case like this. The law has never devised any better means of determining such damages than the verdict of twelve disinterested men putting together their common experiences and common judgment. In view of the proof as to how long Combs was confined in jail, the length of the prosecution and the testimony to the effect that Bowman instituted it to collect his debt, we cannot disturb the verdict, and on the whole record we see no error to the prejudice of the substantial rights of the appellant.

Judgment affirmed.