## Cracraft v. McDaniel.

(Decided March 9, 1926.)

Appeal from Mason Circuit Court.

1. Malicious Prosecution.—Counsel's advice is no defense in action for malicious prosecution, unless facts are fully and fairly stated.
2. Malicious Prosecution.—Advice of counsel held no defense to action for malicious prosecution for procuring plaintiff's arrest for trespass by plowing a grass field, where defendant failed to

inform his counsel that plaintiff claimed that plowing was being done by him as tenant for defendant.

J. M. COLLINS and A. D. COLE for appellant.

C. L. DALY and B. S. GRANNIS for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This suit was commenced by appellee, McDaniel, in the Mason circuit court, against appellant, Cracraft, to recover damages for malicious prosecution. A short time before its institution Cracraft, a landowner, in Mason county, procured the issual of a warrant for appellee, McDaniel, accusing him of the offense of trespass committed by plowing a grass field. The warrant was placed by Cracraft in the hands of the sheriff, who went to the home of McDaniel, some miles from Maysville, executed the warrant by arresting McDaniel and carrying him before a magistrate at the county seat, where he was arraigned. The case was passed at the suggestion of the prosecution. An attorney was present representing appellant, Cracraft. Later the case was dismissed. No trial was had.

It is appellant's contention that the facts fully justified the issual of the warrant and the arrest and prosecution of McDaniel, and in justification he says that McDaniel, a tenant on his land, was plowing up and destroying the blue grass pasture; that McDaniel's term as tenant was about up and he had refused to rent the farm to McDaniel for the year 1922; that in spite of this McDaniel was claiming the right to remain there, and further, claiming that appellant had rented him the place for 1922, and pointed out the blue grass pasture field as one to be plowed by McDaniel. He further says that the prosecution was undertaken in good faith and not maliciously or wrongfully. His chief defense, however, is based upon "advice of counsel," obtained before the prosecution was instituted, and asserts that all the facts were submitted to competent counsel, who, after consideration, advised appellant to institute the prosecution against appellee, McDaniel, and in good faith believing that he had the right to procure and prosecute such a warrant against appellee, and following the advice of counsel, he did cause to issue the warrant and thus instituted the prosecution against appellee, McDaniel.

But one question was submitted to the jury by the court: was the prosecution instituted by appellant

maliciously and without probable cause? The court instructed the jury that if it believed from the evidence that the prosecution was instituted with malice and without probable cause, to find for the plaintiff, otherwise to find for the defendant; and, further, if the jury believed from the evidence that Cracraft in good faith laid all facts of the case fairly and fully before his counsel, Collins, and in good faith acted upon the advice of his counsel in procuring the warrant for trespass, to find for the defendant, Cracraft, even though the jury should believe from the evidence that McDaniel was not guilty of the penal offense charged in the warrant.

The evidence as to what appellant, Cracraft, did with respect to obtaining advice of counsel is very brief and indefinite. He testified that he called up his attorney, Collins, over the telephone and told him in a general way about appellee, McDaniel, being on his farm and plowing up the blue grass field, and that Collins advised him that he could obtain a criminal warrant for McDaniel, and following that advice he did obtain the warrant and cause McDaniel's arrest. His lawyer, Collins, was called as a witness and testified that he was familiar with the facts surrounding the controversy between appellant and appellee before the issual of the warrant, and that appellant called him up on the day the warrant was issued and told him that McDaniel was plowing the field and that he had no right to plow it, and that he advised appellant, Cracraft, that he had more than one remedy but that the easiest and quickest remedy would be a criminal warrant charging trespass, and that he procured the warrant for Cracraft as Collins directed him to do. On cross-examination the lawyer was asked if he was told by appellant in the statement of the case that McDaniel claimed he had a verbal contract of rental for the year 1922, and claimed that he had been directed by Cracraft to plow the field for tobacco, and further that McDaniel had sown certain fields on the place in wheat and rye at the instance of Cracraft to be harvested the summer of 1922, and further bred a number of sows to litter in April, 1922, all with the idea that he should continue on the farm as a tenant. The lawyer, Collins, answered that Cracraft did not state those things to him.

McDaniel testified that he had a rental contract for the year 1922, as he believed, and that he had sown a field or two in wheat and rye to be harvested in the summer, 1922, and that he had been directed by appellant

to plow the field for tobacco, and that he did not know that appellant intended for him to vacate the place until the controversy arose; and further stated that he and appellant, Cracraft, had a partnership in some hogs and that he had bred a number of sows to litter in April, and all this was done at the suggestion of appellant. In failing to state all of these facts to his counsel, if he did so fail, appellant did not put himself in position to successfully claim as a defense in this case that he had obtained the advice of counsel. Advice of counsel is not a defense in an action for malicious prosecution unless the facts are fully and fairly laid before competent counsel. If the statements of the case are not full and fair the advice of counsel is no defense. Many cases to this effect may be found in the books, but we need cite only a few of the more recent ones. Crawford v. Keyser, 5 Ky. Law Rep. 693; Ahrens & Ott Manufacturing Company v. Hoeher, 106 Ky. 692; United Furniture Co. v. Wills, 158 Ky. 806; Callahan Construction Company v. Williams, 160 Ky. 814; Elmer v. Fox, 172 Ky. 298; J. B. Colt Co. v. Grubbs, 206 Ky. 809; L. & I. R. Co. v. Roberts, 203 Ky. 557; Bowman v. Combs, 210 Ky. 1; Wedding v. White, 148 Ky. 673; Stanhope v. C. N. O. & T. P. Ry. Co., 210 Ky. 674.

The jury having found from the evidence that appellant, Cracraft, failed to submit to his counsel a full and fair statement of all the facts, the advice given by his counsel upon a personal statement of the facts was no defense to this case for malicious prosecution. No objection is offered to the instructions given by the court to the jury save the appellant insists that he was entitled to a peremptory instruction. Clearly under the state of the record a directed verdict for appellant would have been grievous error. For the reasons indicated the judgment is affirmed.

Judgment affirmed.