## H. S. Leyman Company v. Short.

(Decided May 4, 1926.)

### Appeal from Campbell Circuit Court.

1. Trial—Refusal to Discharge Jury Because of Statement by Plaintiff's Counsel as to Why They did Not Sue for More Held Proper, where Objection was Sustained and Jury Admonished to Disregard it.—Where objection to statement by plaintiff's counsel that they sued for only $3,000.00 to prevent defendant from taking case to federal court, was sustained and jury admonished to disregard it, court properly refused to discharge jury.

2. Malicious Prosecution—Question of Malicious Prosecution for Conversion of Automobile Held for Jury.—In action for malicious prosecution of traveling salesman for converting automobile

used by him in his business, evidence held sufficient to take case to jury.

3. Malicious Prosecution.—Plaintiff's Evidence of Letters to Family, and of Wife's Knowledge of His Whereabouts, Held Competent to Rebut Evidence that Whereabouts were Unknown.—In action for malicious prosecution of traveling salesman for conversion of automobile used by him in his business, plaintiff's evidence that he had written to his family after leaving home on business trip, and that wife knew his whereabouts, held competent to rebut defendant's evidence that he had not been heard from and that his whereabouts were unknown.

4. Appeal and Error—Traveling Salesman's Letters Home, Introduced Only to Show that he had Written to Family and that Wife Knew his Whereabouts, Held Not Prejudicial to Defendant in Action for Malicious Prosecution.—In action for malicious prosecution of traveling salesman for converting automobile used by him in his business, his letters home during business trip held not prejudicial to defendant, being introduced only to show that he had written to family and that his wife knew his whereabouts, in rebuttal of defendant's evidence that he had not been heard from and that his whereabouts were unknown.

5. Malicious Prosecution—Evidence that Plaintiff Became Lousy in Jail and was Detained from Going to See Sick Wife Held Competent on Question of Mental Suffering.—In action for malicious prosecution, evidence that plaintiff became covered with lice while in jail and was detained from going to see his sick wife held competent on question of mental suffering.

6. Malicious Prosecution—Mental Suffering is Element of Damages, and Evidence of Character and Extent Thereof is Admissible.— Mental pain and suffering is element of actual damages for malicious prosecution, and whatever legitimately tends to show character and extent thereof is admissible in evidence.

7. Malicious Prosecution.—Defendant in action for malicious prosecution is responsible for damages suffered by plaintiff as direct result of wrong complained of.

8. Malicious Prosecution—Damages for Malicious Prosecution Include Loss of Time, Deprivation of Liberty and Attending Aggravating Circumstances.—Elements of damage by malicious prosecution include loss of time, deprivation of liberty, and all aggravating circumstances attending it, peril to life and liberty, bodily pain, injury to fame, reputation, character and health, mental suffering, general impairment of social mercantile standing, injury to credit deprivation of use and actual loss and injury to property, decrease in earning capacity, and all business losses directly and naturally resulting, unless business was illegal.

9. Malicious Prosecution—$3,000.00 for Malicious Prosecution Held Not Excessive.—Verdict for $3,000.00 damages for malicious prosecution of traveling salesman, resulting in actual losses of at least $1,500.00 by reason of his discharge from employment, inability to obtain as lucrative employment, payment of attorney's fees, etc.,

held not so excessive as to indicate passion or prejudice in view
of mental suffering naturally endured.

BARBOUR & BASSMAN for appellant.

ARTHUR C. HALL and GEORGE HEROLD for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Elmer B. Short brought this action against the H. S. Leyman Company to recover damages for malicious prosecution, and on the trial of the case there was a verdict and judgment in his favor for $3,000.00. The defendant appeals.

Short was a young man about thirty years of age, residing in Bellevue, Kentucky, and was a traveling salesman for the Congoleum Company, earning about $5,000.00 a year. The H. S. Leyman Company was a Ohio corporation, located at Cincinnati, Ohio, and engaged in the business of loaning money on chattel mortgages. Short purchased an automobile from the Newport Livery and Garage Company and executed a note to it for $676.00, payable in monthly installments, secured by a chattel mortgage on his automobile. On October 22, 1923, this note was purchased by the Leyman Company. Short failed to make his payments promptly and on May 20, 1924, at his request a new arrangement was made by which he was to pay the balance then due on the note, which was something over $300.00, in monthly installments of about $30.00, he agreeing to make these smaller payments promptly. The first installment under the new arrangement, which was due July 3, was not paid until July 19. After this Short took his wife up to Pittsburgh in his car to see her family. He did not return until about August 5, and the next morning went out immediately on one of his trips as salesman without communicating with the Leyman Company in any way. He got back from Pittsburgh with $75.00 on hand; he gave his wife $50.00 of this for household expenses and took $25.00 with him for his expenses. A notice was mailed to Short on August 4 that his payment was overdue, and on August 7 a letter was written him, but he was away and received neither of these. The collector for the company was then sent to see him. He failed to find Short. Short's wife was in Cincinnati the first day he called and was sick in bed

when he called the second time. He then went to the garage and failed to get any satisfactory information. The Leyman Company also employed the Burns Detective Agency to investigate and they learned nothing. On August 27, the Leyman Company wired the Congoleum Company at the Pittsburgh branch. The Congoleum Company wired that Short was in the employ of the Chicago branch and it would be glad to forward any communications addressed to him in care of that office. On August 29, 1925, the Leyman Company went before the police judge at Bellevue and had a warrant issued against Short for the offense of converting the automobile. The next day the Leyman Company received a telegram from the Congoleum Company at Chicago saying that Short was in Evansville. Thereupon it caused Short to be arrested at Evansville; he was placed in jail there and held until Monday, when the police officers of Bellevue arrived and took him to Bellevue; he waived extradition proceedings. When they reached Bellevue he was brought before the police judge, who at the request of the Leyman Company set the case over to another day for hearing, and on the hearing of the case held Short under bond to answer before the circuit court. When the circuit court met the grand jury investigated the case and dismissed the proceedings.

When Short was arrested in Evansville much publicity was given the arrest by publication in the newspapers. Short was placed in jail with common criminals without opportunity to give bond or consult anybody. The jail was lousy and he could not sleep. His wife was taken dangerously ill that day and by reason of his confinement he could not go to her. The Congoleum Company discharged him upon the ground that they could not afford to have a traveling salesman of the character set out in the newspapers in the territory where he was traveling. Short was unable to obtain other employment except such as would pay him about $30.00 a week. His attorney's fee in resisting the prosecution was $50.00.

The first ground of reversal is that the circuit court should have discharged the jury because the plaintiff's counsel in stating his case said that they had only sued for $3,000.00 because if they sued for more the defendant might have taken the case to the United States court. This statement was objected to, the court sustained the objection and properly refused to discharge the jury,

because we cannot assume that the jury disregarded the admonition of the court.

It is also urged that the court should peremptorily have instructed the jury to find for the defendant; but clearly there was sufficient evidence to take the case to the jury. The defendant well knew that Short was a drummer for the Congoleum Company, using the car in his business. His family was still at Bellevue and they were bound reasonably to know that Short had simply gone out on one of his monthly trips. There was nothing in the circumstances warranting the conclusion that Short had converted the mortgaged car. The evidence was conflicting as to the information that Smith got when he went to Bellevue, and if the proof for the plaintiff was true the information which Smith received gave him no reason for supposing that Short had taken the car away for the purpose of converting it. There was also evidence tending to show malice, that is, tending to show that the prosecution was instituted not for the purpose of enforcing the law but as a means of collecting the debt.

The defendant introduced evidence tending to show that Short had not been heard from after he left home and that his whereabouts were unknown. To rebut this it was competent for Short to show that he had written to his family and that his wife did know his whereabouts. Certainly his letters home were not prejudicial to the defendant, for they were only introduced to show the fact referred to. The evidence as to the jail being lousy and that Short became covered with lice, and that his wife was sick and he was thus detained from going to see his sick wife after he learned that she was very sick, was competent upon the question of mental suffering. Humiliation and mortification are simply phases of mental anguish. In an action for malicious prosecution mental pain and suffering is an element of actual damages, and whatever legitimately tends to show the character and extent of such suffering is admissible in evidence. The defendant is responsible for the damages suffered by the plaintiff, which are the direct results of the wrong complained of. The proof that his wife was dangerously ill and that he was confined in a jail where he could not sleep because of lice and could not go to see his sick wife, were proper to be considered by the jury on the question of mental anguish. Perkins v. Ogilvie, 148 Ky. 309; Ross v. Koehler, 163 Ky. 583; Barnes v. Culver, 192 Ky. 10;

Flam v. Lee, 93 A. S. R. 242; Rich v. Rogers, 37 A. L. R. 656; Dinsman v. Wilkes, 12 How. 390.

"Such elements of damage include loss of time, deprivation of liberty, and all circumstances of aggravation attending it, peril to life and liberty, although there is some authority to the contrary of this last proposition, bodily pain, injury to fame, reputation, character, and health, mental suffering, general impairment of social and mercantile standing, injury to credit, deprivation of use of property, actual loss and injury to property except in one state where a different rule prevails in respect of loss or injury to attached property, decrease in earning capacity, and all losses sustained to plaintiff's business as the direct and natural result of the proceedings complained of except where the business was illegal." 38 C. J., p. 446, sec. 98.

"It is generally held that the plaintiff may show the condition of the jail in which he was confined and his treatment therein, in aggravation of the damages suffered, and the publicity given to the arrest of the plaintiff has been declared to be another circumstance which will show an increased injury to his reputation and additional humiliation." 18 R. C. L., p. 74, sec. 56.

Wright v. Haverman, 42 S. W. 917, was reversed because the verdict was excessive. No other question was presented in that case.

In view of the fact that the plaintiff's actual losses were at least $1,500.00 it cannot be said that the verdict for $3,000.00 is so excessive as to indicate passion or prejudice on the part of the jury in view of the suffering a man would naturally endure under such circumstances by reason of the charge that thus interrupted the course of his life.

The instructions are those often approved, and on the whole case there is no error to the substantial rights of the defendant.

Judgment affirmed.