## Newton v. French.

(Decided February 5, 1929.)

TODD & BEARD for appellant.

L. W. ROSS, W. R. REASOR and H. B. KINSOLVING, JR., for appellee.

'OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

This is an action to recover damages for malicious prosecution, instituted by Sam French against R. D. Newton. A judgment was rendered in favor of French for $1,750, and Newton appeals.

The grounds urged for reversal are that appellant was entitled to a peremptory instruction and that the damages allowed are excessive. The argument for a peremptory instruction rests entirely upon the contention that, as a matter of law, probable cause was shown. It is said that probable cause was shown by the facts proven, or, if not so shown, that the advice of the county attorney, obtained in advance of the institution of the prosecution, established the defense. The gist of an action for malicious prosecution is the abuse of the process of the court. The enginery of the law may not be used maliciously and without probable cause to the injury of another. The proper enforcement of the criminal laws requires that persons who have knowledge of violations should not be deterred from instituting prosecutions where they have probable cause for their action and are not actuated by malice. No one can be held liable in damages for instituting a criminal prosecution if he acts without malice and upon probable cause justifying the proceeding. On the other hand, if a prosecutor maliciously and without probable cause initiates a criminal prosecution against an innocent man, he is liable for the injury inflicted and the courts are open for the enforcement of the remedy, which is an action for damages. Constitution, sec. 14; Moser v. Fable, 164 Ky. 517, 175 S. W. 997; Barnes v. Culver, 192 Ky. 10, 232 S. W. 39; W. T. Grant Co. v. Taylor, 223 Ky. 812, 4 S. W. (2d) 741; H. S. Leyman Co. v. Short, 214 Ky. 272, 283 S. W. 96.

The facts in this case do not show probable cause. Newton parked his automobile near the courthouse, in Shelbyville, Ky. It was locked and the key was in his

custody. Shortly after dark he discovered that his car had been stolen. He notified the traffic policeman of Shelby county and proceeded to make a search for his car. The traffic policeman telephoned officers in the towns in the adjoining counties to be on the lookout. Later in the day Hilmar Osborn, of Taylorsville, called the officer and advised him that a car had been found at the fairgrounds and asked if there was a reward for the recovery of the car. The officer reported to Mr. Newton and advised him to take out a warrant on mere suspicion aroused by the inquiry whether a reward was offered. Newton did not get out the warrant, but went to Taylorsville and recovered his car. Upon arrival at the fairgrounds, he was met by Osborn and paid him for looking after the car and for some expenses incurred. Osborn had a key that fitted the car, which he had obtained from Buster Welch. Newton learned that Sam French and Clark Crawford had seen some suspicious characters about the fairgrounds and desired to see them to get a description of the men. Osborn introduced Newton to French. Newton testified that he became suspicious of French because he told him he ought to go on home now that he had his car. French gave him a description of the men whom they had seen at the fairgrounds. Newton also testified that he inquired about French of a Mr. Howerton, who advised him that French was a fair man, but that Crawford, Osborn, and Buster Welch were bad characters. Newton also testified that Crawford and French gave him conflicting statements regarding the suspicious characters. Much of Newton's testimony is denied by the other witnesses. But admitting all that Newton says, there was no ground for instituting a criminal prosecution. Newton himself did not think so, but was urged by the traffic officer. Newton said he must first see the county attorney. He failed, however, to see the county attorney, and accepted the representation of the officer that he had advised the county attorney of the facts, and that the county attorney had prepared an affidavit for him and advised that it was proper to institute the prosecution. Without seeing the county attorney, and acting solely upon the statment of the officer, Newton made an affidavit before the county judge to the effect that he had reasonable grounds for believing, and did believe, that Clark Crawford, Sam French, Hilmar Osborn, and Buster Welch had committed the offense of knowingly receiving stolen property, to wit, the auto of

Newton, and asked that a warrant be issued for the arrest of the men named. A warrant was thereupon issued by the county judge and placed in the hands of the sheriff for execution. He proceeded to the fairgrounds in Spencer county, where French was at work, and arrested him in the presence of many people and carried him before the county judge at Shelbyville. After a brief investigation by the county attorney and the county judge, the prosecution was dismissed.

The court submitted to the jury in a form requested by the appellant whether probable cause existed in the case. He advised them that if the facts showed probable cause, or if all the facts were fairly and fully presented to the county attorney and he advised the prosecution, it constituted conclusive evidence of probable cause, and they should find for the defendant. It is perfectly clear that no ground for a peremptory instruction was shown. It cannot be said that there was any real evidence that would justify a reasonable man in instituting a criminal prosecution against French. He was not in possession of the automobile, had nothing whatever to do with it, and Newton had learned before starting the prosecution that French was a man of fair reputation, as he said. The slightest investigation would have shown him that not even suspicion could justly be ascribed to French. The advice of the county attorney was not obtained. Newton did not see him, although he realized the importance of it. The traffic officer told the county attorney that the car was found in the possession of these four men, that he had information that they were guilty, and that he desired a warrant for larceny. The attorney merely advised that it would be better to issue the warrant for knowingly receiving stolen property. It is obvious that the defendant was not entitled to a peremptory instruction on the ground that probable cause was established by the advice of the county attorney. It is very doubtful whether the evidence on that question warranted the instruction given. As soon as the county attorney was advised of the facts, he ordered the prosecution dismissed. It is clear he would not have advised the prosecution if the facts had been presented to him. Newton was not protected by acting on the advice of the traffic officer who had no facts except what had been given to Newton. Newton had knowledge not possessed by the traffic officer derived from his visit to Taylorsville. He could not rely

upon the traffic officer without taking the responsibility for the consequences of his failure to observe due caution in setting the law in operation.

The verdict is assailed as excessive. It is a substantial sum of money, but it must be remembered that there is no way to measure the damage in such a case except to take the reasoned opinion and deliberate judgment of a jury, properly instructed by the court and enlightened by the evidence of what transpired. Bowman v. Combs, 210 Ky. 1, 273 S. W. 719. Experience has evolved no better means of determining a fair and reasonable compensation for such an injury than the verdict of a properly instructed jury. It is a serious thing to accuse a man of the crime of knowingly receiving stolen property, and to cause him to be restrained of his liberty and publicly humiliated. It is true that French was vindicated shortly afterwards, but the wrong done him and the suffering before he was vindicated was such that we cannot say that the jury was influenced by passion and prejudice, and not by judgment, in measuring the amount of the recovery. But little pecuniary loss was incurred, but the humiliation and mortification were not trivial. We are not at liberty to set aside a verdict for excess, unless it appears at first blush to be so out of proportion to the injury inflicted as to indicate that it was the product of passion and prejudice, and not of deliberate judgment on the part of the jury. Ross v. Kohler, 163 Ky. 583, 174 S. W. 36, L. R. A. 1915D, 621; W. T. Grant Co. v. Taylor, 223 Ky. 812, 4 S. W. (2d) 741.

We have carefully examined the record, and, as no errors appear prejudicial to the appellant, we are not authorized to disturb the judgment.

The judgment is affirmed.