## Rankin v. Wagoner.

(Decided March 22, 1929.)

BLAINE McLAUGHLIN and E. W. HAWKINS, JR., for appellant.

STEPHENS L. BLAKELY for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

In October, 1927, the appellee, as the tenant of the appellant, was occupying the premises known as 78 Carneal St., Ludlow, Ky., having leased them some four or five months previously. On the 4th day of that month, the appellant appeared before the police judge of that city and executed an affidavit for the purpose of having a search warrant issued by that judge authorizing the search of the premises occupied by the appellee for intoxicating liquors. In that affidavit, the appellant stated that at that time there was kept and possessed on the premises in question "moonshine whisky and intoxicating liquors in violation of the prohibition law of the state of Kentucky." The search warrant was issued, and the search was made by the police officers of the city of Ludlow, but no intoxicating liquor was discovered upon the premises. Thereupon this suit was brought by the appellee in which he averred that the appellant had made the affidavit and procured the search warrant to be issued falsely, maliciously, and without probable cause; that the search had revealed no violation of law; and that, by reason of the unwarranted search, he had been damaged in his feelings and reputation to the extent of $10,000. After traversing the petition, the appellant affirmatively alleged that he had probable cause for making the affidavit and procuring the search warrant to be issued, and also pleaded that he had done so on the advice of counsel after having laid all the facts before him. The affirmative allegations of the appellant's answer were denied by a reply, and, on the issues thus formed, the parties went to trial. The jury awarded the appellee a verdict of

$1,000, and, from the judgment entered upon that verdict, this appeal is prosecuted.

The grounds relied upon for reversal are (a) appellant was entitled to a peremptory instruction; (b) the verdict is excessive; (c) improper rejection of testimony offered by the appellant.

(a) Although appellant in the affidavit upon which the search warrant issued stated as a fact within his own personal knowledge that intoxicating liquors were being illegally possessed upon the premises occupied by the appellee, the appellant had no such personal knowledge. He based that statement upon some statements made to him by his daughters and perhaps others, although one of these other people, when put upon the stand by the appellant, denied that she had given him any such information, to the effect that drunken people had been seen going in and out of the premises, and that upon one occasion a lady living with the appellee had rushed out of the premises in a hysterical condition, crying that she was afraid to go back into the house for fear that her drunken husband would beat her up and that the Police Officer Noe had to escort her back. This lady, the sister-in-law of appellee, denied that any such thing had ever happened, and the police officer was unable to remember it. Appellee and his neighbors who testified for him denied the presence of any drunken people at any time upon the premises in question. The appellant also based his statement in the affidavit upon information given him by his grandson, nine years old, to the effect that appellee's little boy some six or seven years old had told him that the appellee had moonshine in the house which he sold by the drink.

Appellee's testimony was to the effect that he never had any intoxicating liquor upon these premises. The appellant made no effort to investigate these statements upon which he based his initiation of the proceedings resulting in the search warrant, but did go to see the police judge of Ludlow who was also a practicing attorney, having theretofore represented appellant's daughter in a divorce case. Whether appellant consulted the judge in his official capacity or as an attorney is in dispute; the judge testifying that it was as judge that he was consulted. The two do not agree as to whether the judge, after appellant had related to him the sources of his information, advised him to have the search warrant issued or left it up to appellant's own judgment whether this

should be done or not. Under instructions which, if appellant was not entitled to a peremptory, were specifically not objected to, the issues raised by the pleadings were submitted to the jury. The evidence warranted this action upon the part of the trial court. The question of probable cause was one under the facts of this case to be determined by the jury. Malice may be inferred from the lack of probable cause. Davis v. Brady, 218 Ky. 384, 291 S. W. 412; W. T. Grant Co. v. Taylor, 223 Ky. 812, 4 S. W. (2d) 741. It is exceedingly doubtful whether appellant, having stated in his affidavit the ultimate fact of possession as being within his own personal knowledge when he did not have that knowledge, can escape the consequences of his act by a plea of "advice of counsel."

It was held contrary to his contention in the case of Humphreys v. Prudential Insurance Co., 62 Hun. 618, 16 N. Y. S. 480, affirmed by the Court of Appeals on the opinion of the lower court. 135 N. Y. 650, 32 N. E. 647. In that case, on a change of superintendents of agents in a certain agency of the insurance company, the old agent, in turning over the receipts of the agency to the new agent, retained a certain sum for rent of the office of the agency which he claimed he had been authorized to pay out of the receipts of the agency when he had been employed as superintendent. The new superintendent reported this matter to the company. It denied the right of the old superintendent to so pay the rent, and instructed the new agent to demand of the old agent the amount he had retained, and, on his failing to pay it over, to have him arrested. The new superintendent made no demand, but had the old superintendent arrested. The latter, on his trial, was discharged, and then sued the company for malicious prosecution. One of the questions raised was the responsibility for the affidavit upon which the warrant of arrest had issued. As to this the court said:

"It is claimed further that Allez merely stated the facts to the recorder, and that the defendant is not bound by the deductions made therefrom by the recorder. Thaule v. Krekeler, 81 N. Y. 428. But if we examine Allez's affidavit, we find much more than a mere statement of the facts. His affidavit states that on or about the 13th day of July the plaintiff, with force and arms, did feloniously steal, take, and carry away divers United States treasury notes and

national bank-notes and coins, the property of the company; further, that on the said day he had said notes and money in his possession as assistant superintendent of said company, and appropriated them to his use, and refused to return the same. Here it is evident that the affidavit is much more than a mere statement of facts. If Allez had stated the facts, viz., that plaintiff had collected certain money, and claimed to have applied it to a debt of the company by authority of its superintendent, it is quite doubtful whether any warrant, without a further affidavit, would have been issued. But when insurance companies use criminal proceedings for the purpose of collecting money which they claim, there is sometimes a lack of careful statement of facts. It is easier to make a general charge of larceny with force and arms than to give the simple truth. The very facts as claimed by plaintiff, which showed either a lawful, or what was thought to be a lawful, withholding of the money, were concealed. And we think that the defendant cannot throw the blame upon the magistrate."

But, be this as it may, it was in issue whether appellant did act upon advice of counsel or upon his own judgment, and this was submitted to the jury, which found that he did act upon his own judgment and not the advice of counsel. We therefore see there is no merit in appellant's contention that he was entitled to a peremptory instruction.

(b) So far as the size of the verdict is concerned, in the case of Hayes v. Ketron, 223 Ky. 119, 3 S. W. (2d) 172, we said:

"In a case like this the party injured may recover for the humiliation, mortification, and loss of reputation that he has sustained by reason of the prosecution. It is at once apparent that these elements are difficult of ascertainment, and, a jury of twelve disinterested men being the tribunal to which the law has given the power to determine the question, we are not at liberty to set aside its verdict, unless the amount allowed is so glaringly excessive as to strike us at first blush as being the result of prejudice or passion."

Here, it is shown that the search was made in the nighttime, after appellant and his family had retired. He was subjected to the humiliation of having his habitation and all his effects thoroughly searched. The fact of the search spread through the neighborhood, and was known by his friends, acquaintances, and those who lived in the vicinity. This mortified appellee very much. Under all these circumstances we cannot say that the amount of damages here allowed is so glaringly excessive as to strike us at first blush as being the result of passion or prejudice.

(c)   When the appellee was upon the stand, he was permitted, without objection on the part of the appellant, to testify that he had never had in his home any beer or whisky, and that he had never been charged with possessing intoxicating liquor. When the appellant came to introduce his proof, he offered to show by two witnesses that about a year before the search herein complained of, and while appellee was living in another house than the one searched, he had in his then home on one or possibly two occasions, depending on whether the two witnesses were referring to the same occasion or different ones, the record not being clear as to this matter, a gallon of moonshine whisky and five gallons of beer. On objection by the appellee, the court declined to allow this testimony to go to the jury. It is of this that appellant complains. Of course testimony relating to so remote a time and the facts of which were not known to the appellant when he set the law in motion against the appellee tended in no degree to establish the defense of the appellant in this case. It was not sought to show by the offered testimony that appellee had the reputation of a bootlegger or of an illegal possessor of liquor so as to minimize the amount of damage done his reputation by the search here in question. All that such evidence could possibly affect would be the question as to the extent of the humiliation or mortification that appellee sustained on account of the search which is the foundation of this suit. But, considering its remoteness and the nebulous connection between it and the sought for effect, we are of opinion that the court did not err in its exclusion.

In Bowman v. Combs, 210 Ky. 1, 273 S. W. 719, it was held that, even though Combs was shown to be a man of bad character and a peddler of moonshine, he was en-

titled to very substantial damages in a suit for malicious prosecution, where some of the elements of the damages asked included those for the humiliation and mortification Combs had suffered by reason of his prosecution. Nor can appellant complain of the exclusion of this testimony because of the admission without objection on his part of appellee's testimony above noted. It is quite probable from the context that appellee's proof was directed towards the premises occupied by him at the time of the search as appellee argues. If this be so, then appellant's evidence did not even tend to rebut it. On the other hand, if this be not so, all that appellant's offered evidence could have possibly rebutted was the evidence of the appellee that he had never had any intoxicating liquor in his house. While possibly, if appellant's evidence had been directed to a time reasonably prior to the search, his evidence might have been admissible as affecting the question of appellee's sensibility to humiliation and mortification, yet, as it was not so directed, it is patent that it would take the case too far afield to investigate whether appellee had in fact ever in his life illegally possessed liquor, and, if so, what effect such possession at a remote time now had upon a sense of humiliation and mortification due to an unfounded charge of this character. Compare Metropolitan Life Ins. Co. v. Walters, 215 Ky. 379, 285 S. W. 252.

No error prejudicial to appellant's substantial rights appearing, the judgment of the lower court is affirmed.

Whole court sitting.