## Wright & Taylor v. Leigh.

(Decided April 16, 1929.)

PETER, LEE, TABB, KRIEGER & HEYBURN for appellant.

S. L. GREENEBAUM for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Beverly L. Leigh sued Wright & Taylor to recover damages for an unlawful arrest and was awarded a judgment in the sum of $500. A new trial was refused, and this appeal resulted. The grounds relied upon for a reversal are that the evidence was not sufficient to sustain the verdict, that the court refused to give an offered instruction, that competent evidence was excluded, and that the damages allowed were excessive.

The appellant operates a large office building in Louisville, where a number of professional men maintain their offices. On the night of December 11, 1926, Leigh entered the building, was arrested on a charge of loitering, and turned over to the city police. He was later arraigned on the charge and acquitted, and then instituted this action to recover damages for the unlawful detention.

The evidence was in conflict, but it supports the verdict of the jury to the effect that appellants' agent was not justified in making the arrest, or in preferring the charge of vagrancy against Leigh. Leigh claimed he was in the building to see a dentist, or, if the dentist was not in, to leave a note for him. He had not been in the building an unreasonable length of time when apprehended and, if his testimony is credited, the arrest was wrongful. There is no merit in the contention that the verdict is flagrantly against the evidence.

The instruction offered by the appellant and refused by the court was in substance a justification of the arrest of Leigh, if the appellant had reasonable grounds to believe that the accused had committed a felony. The court had admitted evidence tending to show that Leigh had been employed at the office building for several months and had been discharged, that offices were broken into and articles of value stolen therefrom, and that Leigh was suspected of the crimes. But it was not shown that defendant's agent acted upon that ground. On the contrary, it is established that the arrest was not upon the ground that a felony had been committed, but solely for the violation of a city ordinance. The question presented is whether an arrest on a charge of misdemeanor, which was not sustained, may be justified by showing that there were reasonable grounds for belief that a felony had been committed by the man wrongfully arrested on the minor charge. In other words, whether action taken on a wrong ground can be justified later by showing that a right ground for the action existed, if it had been known or adopted as the basis of the action. The general rule deducible from the authorities is that an arrest made upon one ground, upon which it develops subsequently that it cannot be sustained, may not be justified on the theory that another ground for an arrest existed at the time. 25 C. J. p. 496, sec. 67; Comisky v. Norfolk & West. R. Co., 79 W. Va. 148, 90 S. E. 385, L. R. A.

1917D, 220; Snead v. Bonnoil, 49 App. Div. 330, 63 N. Y. S. 553.

But where an arrest is actually made upon more than one ground, and justification may be found in one of them only, that ground is available as a defense. If any of the causes which actuated an arrest is established, the justification is sufficient. Waddle v. Wilson, 164 Ky. 228, 175 S. W. 382. Cf. Cabell v. Arnold, 86 Tex. 102, 23 S. W. 645, 22 L. R. A. 87. But a police officer, who makes an illegal arrest, cannot subsequently justify it on the ground that a legal warrant for the arrest was outstanding, if he acted without having the valid warrant, or without knowledge of its existence. McCullough v. Greenfield, 133 Mich. 463, 95 N. W. 532, 62 L. R. A. 906, 1 Ann. Cas. 924.

In L. & N. R. Co. v. Mason, 199 Ky. 337, 251 S. W. 184, an unlawful arrest was attempted to be justified on the ground that a search revealed a violation of the law against carrying concealed a deadly weapon; but the court said that the arrest without a warrant could not be justified by what the officer learned only by reason thereof. That case is distinguishable, in that the evidence unlawfully obtained could not be used against the victim of the wrongful act. But the logic of the case is that a party arrested for an offense which he did not commit may not be denied a remedy for the wrong done him because he was actually guilty of some other offense against the law. Whilst the particular evidence obtained by the unlawful search was not competent, yet the fact itself was not provable even by competent evidence because it did not constitute any justification. Yet it may have been admissible as part of the res gestæ and in mitigation of damages. Comiskey v. N. & W. R. Co., supra. It is not consistent with the policy of the law to withhold its protection even from those who may violate it. A remedy is allowed every person for an injury done him in his lands, goods, person, or reputation (Constitution, sec. 14), and if that person has committed some infraction of the law, wholly disconnected from the wrong done him, it may be punishable as prescribed by the violated law, but it will not deprive him of his remedy for a distinct wrong he has suffered. The penalties prescribed in advance of the wrongful act may be applied, but beyond that no punishment may be exacted. If the right of personal liberty could be violated with impunity,

on a showing that the victim had been guilty of some offense, endless feuds might be engendered, and dangerous disputes might be prolonged. Logic and fair dealing dictate that a defense to an action for unlawful imprisonment be confined to the actual facts which gave rise to the controversy. An officer or private citizen may act upon all the grounds that exist for an arrest of another, and, if sued therefor may defend in the same fashion and to the same extent; but, when action is predicated upon a particular ground, it may not be excused or justified by showing that it might have been based upon some other ground.

In this case the action taken by defendant's agent was upon the sole ground that Leigh was loitering in the building in violation of a city ordinance, and it was bound to make good the basis on which it proceeded, or suffer the consequences. It could not rely on something else that did not actuate it, and which the accused was not afforded and opportunity to meet. It follows that the court did not err in refusing the instruction asked.

In so far as the facts may mitigate the damages, different considerations arise. One liable to arrest for an actual offense might not be damaged as much by a detention as one wholly innocent. It is conceivable that a jury might consider that one who deserved to be arrested would not be hurt so much if he happened to be apprehended upon an erroneous theory. And the jury would be competent to deal with any vengeful tendency to search out pecadillos that would have passed unnoticed but for the larger issue that had been raised. The good sense of the jury is regarded as a sufficient safeguard against any pernicious prying into the past that might be prompted by the search for an absolute defense. So the court permitted the evidence to be heard, not in exoneration of the wrong, but in mitigation of its consequences.. Comisky v. N. & W. R. Co., supra. In this case the appellant had the full benefit of the evidence which was thought to reflect upon the guilt of the appellee of other offenses.

Certain rulings of the court in rejecting evidence offered by the appellant are assigned as error, and argument is advanced in support of the assignment. The evidence related to reports that had been made to the custodian of the building by tenants and employees. Such reports constitute hearsay evidence and are inadmissible.

Security Finance Co. v. Cook, 223 Ky. 124, 3 S. W. (2d) 187. The facts, so far as relevant, could have been proven by the persons in possession of them.

Finally, it is complained that the damages allowed were excessive and appear to have been given under the influence of passion and prejudice. The contention fails to appreciate the facts from the standpoint of the injured man. Leigh was arrested, carried to the police court, his finger prints and photograph taken, and he was incarcerated in the public prison. Verdicts as large or larger have been sustained, where the injury was no more aggravated. Hayes v. Ketron, 223 Ky. 119, 3 S. W. (2d) 172; Bowman v. Combs, 210 Ky. 1, 273 S. W. 719. Cf. Newton v. French (Ky.) 13 S. W. (2d) 1016, decided February 5, 1929. The trial judge, in overruling the motion for a new trial, delivered an able opinion, and we concur in its reasoning and conclusions.

The judgment is affirmed.