## Haseldon v. York.

(Decided Jan. 18, 1938.)

WILLIAMS & DENNY and H. CLAY KAUFFMAN for appellant.
WILLIAM LEWIS & SON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On March 8, 1935, the grand jury of Laurel county returned an indictment charging Eldon York with the crime of willfully, knowingly, and feloniously uttering and issuing to the General Motors Acceptance Corporation a cold check for $55.85, with intent to defraud. At the following May term of the Laurel circuit court York was tried and acquitted. Thereupon, he brought this action against S. G. Haseldon for malicious prosecution. The defense was probable cause and the advice of the

county attorney. From a verdict and judgment in favor of York for $500, Haseldon appeals.

In view of the conclusion of the court, the only question we need consider is whether appellant's motion for a peremptory instruction should have been sustained.

In the year 1934 York bought from appellant a truck which was destroyed by fire. After that York bought from appellant another truck, and was given a credit on the purchase price for a certain amount for the old truck. After a certain amount in cash or its equivalent future payments were on time. The first regular payment of $55.85 fell due on November 15, 1934. For this amount York wrote a check on the Farmers State Bank of London on November 14, 1934, and delivered it to appellant for the General Motors Acceptance Corporation. When the check was presented to the bank payment was refused and appellant had to pay the amount of the check to General Motors Acceptance Corporation. It appears, however, that York had arranged for the payment of the check by depositing a certain amount of cash and a check on a bank located in another county, and as was its custom, the bank on which the check in question was drawn refused to pay until the check on the outside bank was cleared. According to York, appellant took possession of the car on January 1, 1935, and came to York's home. Appellant said that York had given him a cold check, but York denied it and said the money was in the bank. He never paid anything on the truck after that. Afterward he met appellant in the road and appellant asked him if he was going to pay the check and he said, "No." Thereupon, appellant said he was going before the grand jury, and he told appellant to go ahead. The purchase price of the truck was $900, and it was in good condition when repossessed by appellant. His lawyer's fee amounted to $100. On cross-examination York stated that he owed the company $55.85 at the time the check was given. Appellant only told him that the check had been sent to the bank for payment once. On January 2, he checked his money out of the bank and told the bank to pay no checks. Appellant saw him the day he asked him to pay the checks and also saw him twice after that. When appellant asked him to pay his check he told him

the money was in the bank. He had Roy Black write the General Motors Acceptance Corporation and tell the corporation that the check would be paid, but he never heard anything more about it. Roy Black testified that York came to him and got him to write to the General Motors Acceptance Corporation stating that the money was in the bank to pay the check and to return the check to the bank. George Crawford, the county attorney in whose hands the check and notes for the deferred payments were placed for collection, was unable to recall what he said to appellant. Rance Grimes, a member of the grand jury that returned the indictment, testified that appellant appeared before them with the check concerning which he was asked certain questions by the county attorney, but he did not read the check or recall appellant's testimony.

According to appellant, not only was payment of the check refused when first presented, but between that time and January 2d he and another party called at the bank and he was again told that York had no funds. After that he placed the check and notes in the hands of the county attorney for collection, and after failing to collect, the county attorney told him that it was a commonwealth case, and advised him to go before the grand jury. On leaving the county attorney's office he went out into the corridor of the courthouse and some one called him into the grand jury room. He went before the grand jury and gave a true statement of the facts.

As pointed out in the note to Lewis v. Goldman, 24 A. L. R. 260, a majority of the jurisdictions where the question has been considered hold that an acquittal in a criminal prosecution is not prima facie evidence of want of probable cause for instituting the prosecution, and such is the rule in Kentucky. Garrard v. Willet, 1830, 4 J. J. Marsh. 628; Lancaster v. Langston, 1896, 36 S. W. 521, 18 Ky. Law Rep. 299; Tandy v. Riley, 1904, 80 S. W. 776, 26 Ky. Law Rep. 98; Burks v. Ferriell, 1904, 80 S W. 809, 26 Ky. Law Rep. 36; Jones v. Louisville & N. R. Co., 1906, 96 S. W. 793, 29 Ky. Law Rep. 945; Stephens v. Gravit, 1910, 136 Ky. 479, 124 S. W. 414; Schott v. Indiana Nat. L. Ins. Co., 1914, 160 Ky. 533, 169 S. W. 1023, Ann. Cas. 1916A, 337; Sills v. Paducah Box & Basket Co. et al., 251 Ky. 783, 66 S. W. (2d) 24. On the contrary, notwithstanding plaintiff's acquittal, want of

probable cause must be alleged and proved. Hogg v. Lorenz, 234 Ky. 751, 29 S. W. (2d) 17. It is also the rule that, whether certain facts in an action for malicious prosecution constitute probable cause is for the court, but whether such alleged facts exist is for the jury. Hayes v. Ketron, 223 Ky. 119, 3 S. W. (2d) 172. In determining the question before us we shall lay aside the defense of advice of counsel and all disputed facts. After doing that we have the following situation: The bank on which the check was drawn refused payment for want of funds, and though York claims that he told appellant he had the money in the bank to pay the check, not only was payment refused the second time, but thereafter York withdrew his funds from the bank and never did pay the check, though pressed to do so by the county attorney. The question is not whether York was actually guilty but the test is: Were the facts and information on which appellant acted sufficient to induce a man of ordinary prudence to believe that accused was guilty of the offense of uttering a cold check? Sills v. Paducah Box & Basket Co., supra. If the foregoing facts were not sufficient to meet the test, it would be difficult to imagine a state of facts that would do so. We are therefore constrained to the view that appellant's motion for a peremptory instruction should have been sustained.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.