### BARBARA LANE STORES, Inc. v. BRUMLEY.

No. 11430.

United States Court of Appeals
Sixth Circuit.

April 16, 1952.

George S. Wilson, Jr., Owensboro, Ky. (Wilson & Wilson, Owensboro, Ky., on the brief), for appellants.

David C. Brodie, Owensboro, Ky. (John B. Anderson, Owensboro, Ky., David C. Brodie, Owensboro, Ky., on the brief), for appellee.

Before SIMONS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.

PER CURIAM.

Barbara Lane Stores, Incorporated, has appealed from a judgment for $3,500 entered on the verdict of a jury in an action for damages, brought by appellee for malicious prosecution.

The appellee was arrested on a warrant sworn out by Mrs. Jones, General Manager of the retail store of appellant in Owensboro, Kentucky. The charge was that appellee had feloniously secured merchandise and currency on a forged check uttered by her.

Appellant urges that the District Judge should have granted its motion for a directed verdict, upon the ground that where the undisputed facts are sufficient to constitute probable cause as a matter of law, it is the duty of the court to direct a verdict for the defendant (See Emler v. Fox, 172 Ky. 290, 294, 189 S.W. 469), and upon the additional ground that it is a complete defense to an action for malicious prosecution when the defendant acts in good faith upon advice of counsel, obtained after a full and fair disclosure of the facts in defendant's possession. Stanhope v. Cincinnati, N. O. & T. P. R. Co., 210 Ky. 674, 679, 680, 276 S.W. 567.

Upon consideration of the record, we are of opinion that a jury issue, which has been resolved against appellant, was clearly presented. The erroneous identification made by Mrs. Jones of the appellee as the forger of the check was based merely on her resemblance to a small snapshot picture of appellee. It is evident that Mrs. Jones acted without probable cause in swearing out the warrant. She seems to have been so impelled at the strong instigation of police officers. Moreover, we think a jury issue was presented upon the question whether Mrs. Jones made a full

and fair disclosure of all facts within her knowledge to the police judge who advised her to swear out the warrant.

In our judgment, the District Court properly submitted the case to the jury under appropriate instructions pursuant to Kentucky law. Appellant took no exceptions to the court's charge.

A brief review of Kentucky authorities shows that the denial of the motion for directed verdict was well grounded in the controlling law. It is true that malice is an essential element in a cause of action for malicious prosecution; but its existence is a question of fact for the jury and may be inferred from proof of want of probable cause. See Bowles v. Katzman, 308 Ky. 490, 494, 214 S.W.2d 1021, and cases there cited. See also Stearns Coal Co. v. Johnson, 238 Ky. 247, 251, 37 S.W.2d 38. Cf. Haseldon v. York, 271 Ky. 567, 569, 570, 112 S.W.2d 984. A good illustrative case supporting the appropriate submission of the case to the jury in the instant matter is Keiner v. Collins, 161 Ky. 696, 700, 171 S.W. 399. Verdicts for damages for malicious prosecution were upheld in Stewart Dry Goods Co. v. Arnold, 158 Ky. 241, 164 S.W. 785, and in H. S. Leyman Co. v. Short, 214 Ky. 272, 283 S.W. 96.

In Newton v. French, 227 Ky. 686, 13 S.W.2d 1016, reliance by the prosecuting witness upon the advice of a traffic officer was held insufficient to excuse the prosecuting witness from liability in a malicious prosecution action brought against him. Cf. Rankin v. Wagoner, 228 Ky. 658, 15 S.W. 2d 470.

Cracraft v. McDaniel, 220 Ky. 12, 15, 294 S.W. 812, is considered authority for the submission to the jury, under appropriate instructions, of the fact issue of whether a full and fair statement of all the facts was submitted to the police judge by Mrs. Jones. So, also, are Figuccion v. Prudential Ins. Co. of America, 273 Ky. 287, 116 S.W.2d 291, and Gatz v. Harris, 134 Ky. 550, 121 S.W. 462. A well considered Kentucky case relating to malicious prosecution has been often cited. Davis v. Brady, 218 Ky. 384, 387, 291 S.W. 412.

This court, in Darling & Co. v. Medley, 6 Cir., 185 F.2d 835, recently upheld a judgment entered on the verdict of a jury for $10,000 compensatory and $5,000 punitive damages in an action for malicious prosecution. The case was tried to a jury by a member of this court under Ohio law. Ohio and Kentucky are not at any material variance in the malicious prosecution field of law. We find equally strong reasons for upholding the Kentucky judgment entered on the verdict of the jury in the instant case.

The judgment of the District Court is affirmed.