## FERGUSON et al. v. RICHARDS.

Court of Appeals of Kentucky.

May 21, 1954.

Rehearing Denied Oct. 8, 1954.

R. I. McIntosh, Woodward, Hobson & Fulton, Louisville, for appellants.

O. W. Jenkins, Louisville, for appellee.

CULLEN, Commissioner.

Upon a jury verdict, Floyd Richards recovered judgment in the amount of $1,750 against General Mills, Inc., and its Louisville plant manager, Charles G. Ferguson, as damages for malicious prosecution. Up-

on this appeal, Ferguson and his company maintain that they were entitled to a directed verdict, because the plaintiff's evidence did not establish lack of probable cause for the prosecution, and the defendants' evidence clearly established the existence of probable cause.

Richards, a former employe of the Louisville plant of General Mills, was arrested in Larue County under a warrant issued by the Louisville Police Court upon an affidavit made by Ferguson. The charge was grand larceny, based upon the alleged theft of an electric floor sander from the General Mills plant. The sander was not found in Richards' possession when he was arrested, and apparently has never been found. After six continuances, the prosecution against Richards was dismissed, at the request of the complaining witness.

The sander disappeared from the General Mills plant in April 1951, a few weeks before Richards was fired for being drunk on the job. The officials of General Mills notified the Louisville police of the disappearance and some time later passed on to the police a rumor circulating in the plant that Richards had taken the sander. The Louisville police mailed to the sheriff of Larue County a description of the sander, with identifying serial numbers, and requested assistance of the sheriff in attempting to locate the sander and the thief.

In January 1952 a deputy sheriff of Larue County telephoned the Louisville police and, according to their testimony, told them that the sander had been found in Richards' possession, and offered to arrest Richards upon being furnished with a warrant. The police thereupon called the General Mills plant and in response to this call Ferguson and two other officials of the plant went to police headquarters. Upon their arrival, they were told by the police that word had been received from the Larue County sheriff's office that the sander had been located in Richards' possession, and that the sander had been identified positively. Thereupon Ferguson signed an affidavit for a warrant.

It later developed that the Larue County deputy sheriff did not have direct and actual

**30**

knowledge as to the location of the sander, but was relying merely on hearsay information, including an anonymous letter. The deputy sheriff testified that he was "sure we had the sander right where we could go pick it up," and he told the Louisville police that "I thought we could find it right away."

Under this state of facts, we are of the opinion that General Mills and Ferguson had probable cause, as a matter of law, to institute a prosecution against Richards. We think they were entitled to rely upon the positive statements of the law enforcement officers that the sander had been found in Richards' possession, and they were not required to undertake a separate investigation of their own to determine whether the officers were telling the truth.

Even if it be assumed that the Larue County deputy sheriff did not tell the Louisville police that he knew positively that the sander was in Richards' possession, nevertheless, the Louisville police told Mr. Ferguson that such was the word they had received from the deputy sheriff, and they told Mr. Ferguson that the sander definitely had been located.

This is not a case, such as Newton v. French, 227 Ky. 686, 13 S.W.2d 1016, where the person instituting the prosecution relied merely upon *advice* of the police officers. Here, Ferguson was relying upon what purported to be statements of actual fact by the police officers.

The test of probable cause seems to be whether the facts and information relied upon were sufficient to induce a man of ordinary prudence to believe that the accused was guilty of the offense. Haseldon v. York, 271 Ky. 567, 112 S.W.2d 984; Sills v. Paducah Box & Basket Co., 251 Ky. 783, 66 S.W.2d 24. It is our opinion that any reasonable man would have relied upon the statements of the police officers as positively locating the sander in Richards' possession.

It has been held that credible information received from a reliable person may consti-

tute probable cause. Goode v. Commonwealth, 199 Ky. 755, 252 S.W. 105.

It is our opinion that the defendants were entitled to a directed verdict. If upon another trial the evidence is the same, the court will direct a verdict.

The motion for an appeal is granted, and the judgment is reversed, for proceedings in conformity with this opinion.