# Louisville Railway Company v. Schwemmer.

(Decided October 18, 1918.)

## Appeal from Jefferson Circuit Court.

1. Carriers— Personal Injury — Instructions — Prejudicial Error.— Where in a passenger's action for personal injuries, the court instructed the jury that if they believed from the evidence, that while plaintiff was in the act of alighting, the car was started and that she, in order to balance herself, put her hand on the gate and that her finger, or the ring upon her finger, caught in the wire mesh of the gate and her hand was thereby injured, they should find for plaintiff, the court's failure to submit the question whether plaintiff in placing her hand on the gate exercised ordinary care for her own safety was not prejudicial error, in view of the fact that if the car suddenly started, plaintiff's act in throwing out her hand was involuntary and there was no opportunity for plaintiff to stop and consider whether she could protect herself in a less dangerous way.

2. Damages—Instructions—Evidence to Sustain.—An instruction authorizing the recovery of $350.00 damages for medical treatment was prejudicial, where there was no evidence to support a finding in excess of $25.00, and the jury did not separate the items of damage but returned a verdict for a lump sum, and it was impossible to tell how much damages they allowed for medical treatment.

HUSTON QUINN and STRAUS, LEE & KRIEGER for appellant.

FRED FORCHT for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

In this action for personal injuries, plaintiff, Ida Schwemmer, recovered of the defendant, Louisville Railway Company, a verdict and judgment of $2,000.00. The railway company appeals.

Plaintiff's petition alleged, and her evidence tended to show, that she was a passenger on one of defendant's Walnut street cars; that the car stopped at the intersection of Campbell and Walnut streets for the purpose of permitting passengers to alight; that while she was in the act of alighting from the car, and before she was able to touch the ground and reach a place of safety, the company's conductor gave the signal for the car to start; that the car started and threw her off her balance, and in order to regain her balance she tried to catch

hold of the car with her right hand, but her hand caught in the wire mesh of the gate on the rear platform, causing her third finger on her right hand to be torn from her hand. According to the theory of the defendant, however, which theory was supported by evidence, plaintiff was a large woman, weighing approximately two hundred. pounds. The car came to a standstill at the usual and customary place. After it had stopped and the car was standing still, plaintiff alighted from the car. In doing so, she placed her hand on the wire gate. A ring on the third finger of her right hand caught in the gate and her weight caused her finger to be torn from her hand.

The following instructions were given:

1. "If you believe from the evidence that while Mrs. Schwemmer was in the act of alighting the car was started, and that she, in order to balance herself, put her hand on the gate, and that her finger, or the ring upon her finger, caught in the wire mesh of the. gate, and her hand was thereby injured, then the law is for the plaintiff, and you should so find. But unless you so believe from the evidence, the law is for the defendant, and you should so find.

2. "If you believe from the evidence that the car was at a standstill, and that while Mrs. Schwemmer was alighting she put her hand upon the gate, and that her finger, or the ring upon her finger, caught in the wire mesh of the gate, and that her weight, as she was alighting caused the injury to her hand and that there was no movement of the car as she alighted, then the law is for the defendant, and you should so find."

Complaint is made of the first instruction because it failed to submit to the jury the question whether plaintiff exercised ordinary care for her own safety in placing her hand on the gate for the purpose of protecting herself. While the issue of ordinary care might, with propriety, have been included in the instruction, we do not regard its omission as prejudicial error. If it be true, as plaintiff's evidence tended to show, that the car suddenly started while plaintiff was in the act of alighting and caused her to lose her balance, it is equally clear that the throwing out of her hand was involuntary on her part and that there was no opportunity for her to stop and consider whether she could protect herself in the

less dangerous way. In view, however, of another trial, the instruction will be amended so as to submit the issue of ordinary care to the jury.

In her petition plaintiff sought a recovery of $350.00 for medical expenses incurred and the instruction on the measure of damage authorized the recovery of that amount. While plaintiff testified that her finger was amputated by Dr. Marshall, the company's surgeon, and that she was also attended by Dr. Cheatham, Dr. Underwood and Dr. Hayes, who were employed by her, she was unable to state the amount of their bill or the reasonable value of their services. Dr. Cheatham fixed the value of his services at $25.00. Dr. Underwood did not testify as to the value of his services. Dr. Hayes testified that he waited upon plaintiff for several weeks, but could not state the value of his services or the amount of his bill until he had had an opportunity to examine his books. It is well settled that expenses for medical treatment are special damages and must be pleaded and proved. Bender v. Louisville Railway Co., 144 Ky. 166, 137 S. W. 1034; L. & N. R. R. Co. v. Reynolds, 71 S. W. 516, 24 Ky. Law Rep. 1402. Here there was no attempt to prove the reasonable value of the services of the attending physicians, except Dr. Cheatham, who stated that his services were worth $25.00. The jury did not separate the items of damages but returned a verdict for a lump sum. Under these circumstances, we cannot say how much damage they allowed for expenses incurred for medical treatment. For aught that appears in the record they may have allowed the full sum of $350.00, although the evidence did not authorize a recovery in excess of $25.00. That being true, the instruction authorizing a recovery of $350.00 for medical expenses was clearly erroneous.

For the reasons indicated, the judgment is reversed and cause remanded for a new trial consistent with this opinion.