## Barnes v. Culver.

(Decided June 10, 1921.)

### Appeal from Ballard Circuit Court.

1. Damages—Pleading.—Such damages as naturally and necessarily result from an injury complained of are general damages and need not be averred in the petition.

2. Malicious Prosecution—Damages—Pleading.—Humiliation, mortification and loss of reputation naturally and necessarily result from a malicious prosecution and are recoverable under a general allegation of damage, but counsel fees and other expenses which are the natural and probable result of the wrong but not the necessary consequence thereof are special damages and are not recoverable unless specially pleaded.

3. Appeal and Error—Instructions.—One may not complain upon appeal of an instruction, even if erroneous, to which he did not object on the trial.

4. Damages—Excessive Damages—Evidence.—Complaints that a verdict is excessive and not sustained by the evidence are directed to the evidence and not the instructions.

5. Malicious Prosecution—Excessive Damages—Evidence.—Verdict of $500 in an action for malicious prosecution by having plaintiff arrested for vagrancy not excessive under the evidence which clearly established malice and want of probable cause.

EATON and BOYD for appellant.

M. C. ANDERSON and W. M. HENDERSON for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This is an action for malicious prosecution and from a judgment for $500 in favor of plaintiff, the defendant appeals.

The alleged malice and want of probable cause by defendant in procuring the arrest of plaintiff for vagrancy were denied by the answer and it was alleged that the defendant acted upon advice of counsel in procuring the warrant. The latter defense was denied by reply and

these are the issues that were submitted to the jury with an additional instruction upon the measure of damages. No instructions were offered or objections interposed to those given by the court; nor are any errors urged in the admission or rejection of evidence. The only grounds assigned for a reversal are that the verdict is excessive and not supported by the evidence.

The principal argument of counsel, who did not try the case below, in support of these contentions is that the petition does not allege that plaintiff suffered any humiliation or mortification or loss of reputation and that therefore he was not entitled to recover for any of these items or in any amount in excess of $10, the cost incurred by him for counsel in defending the vagrancy charge. There are two complete answers to this argument.

Such damages as naturally and necessarily result from the injury complained of are general damages and need not be averred in the petition. L. & N. R. R. Co. v. Roney, 108 S. W. 343; Perkins v. Ogilvie, 148 Ky. 309, 146 S. W. 735; Phoenix Jellico Coal Co. v. Grant, 159 Ky. 95, 166 S. W. 812, 8 R. C. L. 612. Humiliation, mortification and loss of reputation naturally and necessarily result from a malicious prosecution and are therefore presumed in law and recognized as elements of damages under a general plea of damage such as the petition herein contained. 13 Encyclopedia of Pleading and Practice 452. But counsel fees and other expenses which are the natural and probable result of the wrong, but not the necessary consequences thereof are special damages and are not recoverable unless specially alleged in the petition. South Covington and Cincinnati Street Railway Co. v. Ware, 84 Ky. 267, 1 S. W. 493; L. & N. R. R. Co. v. Moore, 150 Ky. 626, 150 S. W. 849; L. & N. R. R. Co. v. Schwenmer, 181 Ky. 641, 205 S. W. 685, 13 Encyclopedia of Pleading and Practice 453.

But even if this were not true, humiliation, mortification and loss of reputation were specified as elements of the damages recoverable herein in the instruction upon the measure of damages given by the court without objection thereto; and the rule is too thoroughly established to require citation of authority that one may not complain upon appeal of an instruction, even if erroneous, to which he has tacitly consented on the trial by failing to object thereto. Yet this is just what counsel, though admitting the rule, are attempting to do as a matter of fact since they ask us to consider the instruction, which

they assert must have influenced the jury and probably accounts for the size of the verdict, in support of their contentions that the verdict is excessive and not supported by the evidence. Obviously, however, these complaints are addressed to the evidence and not to the instructions, which not having been objected to are the law of this case whether right or wrong but which as a matter of fact are correct in substance at least.

The evidence does not show whether the plaintiff was lodged in jail or required to give bail, but it does show that he was arrested and tried upon a warrant sworn out by the defendant charging him with being a vagrant, which is an offense denounced by section 4758, vol. 3, Kentucky Statutes, and punishable thereunder by fine of not less than $20 or more than $100 and by being required to work not exceeding sixty days upon the public roads or streets or other public works of the county or any municipality therein.

Plaintiff was acquitted upon the trial of the warrant before a jury and the charge is of such a degrading character as must necessarily have imposed upon anyone not guilty thereof much and severe humiliation and mortification and presumably some loss of reputation. That such was the result of the charge in this instance is proven by the testimony of plaintiff and several of his witnesses and not denied by any one.

The evidence with reference to advice of counsel is so meager that it is at least doubtful if that defense should have been submitted to the jury. Malice and want of probable cause is thoroughly established by plaintiff's evidence and not refuted satisfactorily by the evidence for the defendant.

It is therefore clear there is no merit in the contention that the evidence is insufficient to support a verdict for plaintiff.

Neither are we able to say, under the circumstances outlined above, that a verdict of $500 strikes the mind at first blush as being so large that the jury must have been influenced by passion or prejudice in fixing plaintiff's damages at the amount. Hence under the familiar rule of this court a reversal cannot be ordered upon the ground that the verdict is excessive.

Wherefore the judgment is affirmed.