## Green River Light & Water Company v. Beeler.

(Decided February 20, 1923.)

Appeal from McLean Circuit Court.

1.  Appeal and Error—Law of the Case.—An opinion of this court upon appeal is the law of the case on a retrial.

2.  Master and Servant—Appliances.—It is the master's duty to furnish his servant reasonably safe machinery for the performance of his work. This duty cannot be delegated in a, way to avoid responsibility for its breach, and in such a case the doctrine of fellow servants' negligence has no place.

3.  Damages—Measure of Damages—Instructions.—An instruction on the measure of damages in a suit for personal injuries to the effect that the jury should find for the defendant unless they believe from the evidence that the injuries complained of were caused by defendant's negligence, and that its negligence was the proximate cause of plaintiff's injury and damage; while not to be commended in all cases was not prejudicial under the facts of this case.

4.  Damages—Excessive Damages.—Evidence examined and held that a verdict of $5,200.00 is not excessive under the facts of this case for injuries received by appellee from an explosion of a steam boiler.

E. B. ANDERSON, FRED FORCHT, JOE H. MILLER and W. FOSTER HAYS for appellant.

C. H. CARY and R. ALEXANDER for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

This is the second appeal of this case. On the first trial appellee recovered $5,000.00 damages for injuries sustained by an explosion of a boiler operated by him at appellant's plant.

On appeal to this court that judgment was reversed because of a punitive damage instruction. The opinion is reported in 193 Ky., pages 675-679, and reference is made to it for a statement of the facts.

On a retrial substantially the same evidence was introduced and, omitting a recovery for punitive damages, the instructions given were similiar to those given on the first trial though not identical.

On the latter trial appellee recovered damages in the sum of $5,000.00 for physical and mental pain and suffering, and $200.00 for loss of service, making a total recovery of $5,200.00. A number of errors were assigned in the motion and grounds for a new trial, but it is practically admitted that all of them were determined by the former opinion, except (a) error in instructions, (b) excessive verdict.

The appellant criticises the instructions on the measure of damage, which read:

"2  If you shall find in favor of the plaintiff you should allow him such sum, as you may believe from the evidence, will fairly compensate him for the time lost by him, if any, not exceeding $320.00; and such sum in damages as you may believe from the evidence will fairly and reasonably compensate him for the physical and mental suffering, if any, endured by him, not exceeding the sum of $10,000.00; but your whole award, however, shall not exceed the sum of $10,320.00, the amount claimed in the petition.

"3  The court instructs the jury that unless they believe the injury of which the plaintiff complains in his petition and testified to by him, happened as a result of defendant's negligence, and that that negligence was the proximate cause of plaintiff's injury and damage, then the jury should find for the defendant."

It is claimed that these instructions did not restrict compensation to the suffering endured *as a direct result of his injuries* and that they permitted the jury to allow damages for elements not caused by the injuries. It is further urged that the instruction on the measure of damages in the first trial limited the recovery in this respect to such a sum as would fairly compensate plaintiff for physical and mental pain suffered and endured *as a direct result of his injuries,* and that by virtue of the former opinion this instruction became a part of the law of the case, and was thus changed to the prejudice of the appellant.

There can be no question that the former opinion is the law of the case, and if the instructions there approved have been changed in meaning to appellant's prejudice the present instructions are erroneous.

There is no objection to the item of recovery for loss of time. The question is did the instruction permit a recovery for pain and suffering not the direct result of the injury?

Second. Under the evidence in the case were there any elements of damage other than that resulting directly from plaintiff's injuries that could have been considered by the jury under this instruction? In considering the first question it will be observed that instruction No. 2 as to the measure of damages does omit the phrase quoted and simply allows "damages" for physical and mental suffering, if any, but in the third instruction the jury were required to believe that the defendant's negli-

gence was the proximate cause of the plaintiff's "injury and damage." Construing both instructions together it seems that the word "damages" was used in the sense of compensation for suffering, and under this instruction the jury had to believe that defendant's negligence was the proximate cause of not only the injuries but also of the pain and suffering of which plaintiff complains; while not entirely clear this is evidently what is meant by them. It is shown in evidence that the explosion was so terrific that the front of the boiler was carried over two hundred yards, and that the rear end has never been found, the supposition being that it was blown into the river quite a distance away, and the company's plant was almost demolished.

The explosion occurred near four o'clock in the morning, at which time the appellee was standing about fifteen feet from the boiler. He did not see or hear it, but had a feeling as though he was being moved backward. When he regained consciousness he dragged himself out of the debris and discovered that the fire from under the boiler had been scattered by the explosion. He found a hydrant and extinguished the fire, and then became sick, and was thus found and carried home. Forty per cent of the surface of his body was covered with burns, which were quite deep in places, on his face, ear, arm, back, left side and left leg.

He suffered intensely, and for ten days opiates were administered; he was able to get up after three or four weeks but in a day or two had a relapse and was in bed three weeks longer and was unable to go about his duties for a period of four months. At the time of the explosion he was carrying the mail at a salary of $100.00 a month and receiving $60.00 a month from appellant. He was 48 years of age, weighed 175 pounds and was unusually stout and vigorous; the only previous injury he ever suffered was a slight herina in 1907, but which had given him no subsequent trouble.

Since the explosion he has suffered a great deal and still suffers with his head, and from nervousness. He has four or five scars on different parts of his body, one of his eyebrows is gone, and he has become slow in his movements, and has lost weight and has to wear a truss, though otherwise his injuries are not permanent.

He again entered the government service four months after the injury, and has since carried the mail, also he

has worked for a while for appellant in its plant, but at much lighter work than he had formerly done.

There is some evidence to the effect that the anxiety of a lawsuit and the pain from a hernia might cause nervousness, and it is argued in view of the amount of the verdict that the jury might have allowed compensation for this nervousness.

We can hardly agree to this. The jury were instructed that the damages must have been proximately caused by defendant's negligence, and there is no reason to assume that they disregarded this part of the instruction. While this form of instruction is not to be commended, on the whole we do not think it is so essentially different from the one given in the other trial as to prejudice of appellant's rights.

On the second trial appellant offered an instruction to the effect that if the jury believed appellant's superintendent, Epley, negligently blocked down the safety valve on the boiler, and that the explosion was caused thereby, that the plaintiff could not recover on account thereof unless they believed that Epley's negligence in so doing, if he did so, was gross. This was refused by the trial court. It is now insisted that in the former appeal this matter was not before the court in its present form and that the instruction so offered was consistent with the first instruction and with the former opinion of this court.

This may be conceded. It may further be admitted that the superintendent was guilty of negligence in blocking the safety valve, but it does not follow that an instruction should be based on that negligence.

The first instruction is predicated on the master's duty to furnish his servant reasonably safe machinery for the performance of his work, and to see that it is kept in proper repair. This duty cannot be delegated in a way to avoid responsibility for its breach and in such a case the doctrine of fellow servant's negligence has no place.

The principle is thus stated in Ruling Case Law, vol. 18, page 737:

"It is the duty of the master to furnish to his servant for the performance of the work required of him safe and suitable tools, machinery and appliances, such as a reasonable and prudent person would ordinarily use under similiar circumstances, and also to see that same are kept in proper repair, and this duty cannot be

delegated to another so as to relieve the master from liability for injuries sustained by reason of a failure to perform it properly."

The text is in accord with authority and is based on a great number of citations, and the same principle is announced in Reffitt v. S. S. & T. P. Co., 170 Ky. 370. We concluded the instruction was properly refused.

In discussing the other questions we have quoted the evidence at length and without reiteration we might add that in view of all the facts and circumstances of this case, of the plaintiff's physical condition before and after the explosion, of the intense physical suffering he endured as well as the mental suffering occasioned by the shock to him, we are unable to say that the verdict is excessive. It is quite large, but it is an extreme case and of a character that is difficult to determine what is a just compensation, and that is a matter peculiarly within the province of the jury.

As said in a recent case, "The fact that a verdict is excessive will not authorize a court to set it aside. It must be so grossly excessive as to make it clear that it was the result of passion and prejudice." C. N. O. & T. P. Ry. v. Goode, 169 Ky. 113. To the same effect are Lou. Ry. Co. v. Bryant, 142 Ky. 159; and Cumberland Ry. Co. v. Girdner, 184 Ky. 375.

Wherefore, perceiving no error, the judgment is affirmed.