## Hayes v. Ketron.

(Decided February 14, 1928.)

Appeal from Rockcastle Circuit Court.

1. Malicious Prosecution.—In action for malicious prosecution, evidence held sufficient to warrant submission of question as to whether or not defendant maliciously caused warrant to be issued and prosecution commenced to jury.
2. Malicious Prosecution.—Whether certain facts constitute probable cause in action for malicious prosecution is question of law for court, but whether such facts are proven is question for the jury.
3. Trial.—In action for malicious prosecution, where uncontradicted testimony showed that plaintiff did not obstruct public highway, and defendant's own testimony failed to show that he had such grounds as would induce an ordinary person to believe plaintiff obstructed highway, and defendant caused warrant to be issued charging plaintiff with obstruction of public highway, held that, under these circumstances, instruction assuming warrant was without probable cause was not erroneous, since under circumstances only question of law was presented.
4. Malicious Prosecution.—In action for malicious prosecution in issuance of warrant for obstruction of public highway, party injured may recover for humiliation, mortification, and loss of reputation by reason of prosecution.
5. Malicious Prosecution.—In action for malicious prosecution in issuance of warrant and commencement of prosecution for obstruction of public highway, verdict of $500 held not excessive.

6. Appeal and Error.—Appellate court is not at liberty to set aside verdict as excessive, unless amount is so glaringly excessive as to strike court at first blush as being result of prejudice or passion.

C. C. WILLIAMS for appellant.

L. L. WALKER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

In this action for malicious prosecution, P. B. Ketron recovered a judgment against Clarence Hayes for $500, and Hayes appeals.

It is first insisted that the evidence was insufficient to show that Hayes instigated the prosecution. The facts are these: Judge Caudill, the owner, had leased to Hayes a store house and lot on which Hayes had built a filling station. Thereafter Judge Caudill, who owned a workshop nearby, leased the workshop to Ketron, who attempted to put up a filling station in front of the shop. To avoid the competition, Hayes made a complaint to Judge Caudill, who issued a warrant charging Ketron with obstructing the public highway. The warrant purports to be based on an affidavit made by Hayes. Hayes denied making the affidavit. He admits, however, that he went to Judge Caudill's office to ask about a warrant and told him that he was looking to him to have the filling station moved. He also admits that, after the warrant was issued, he went to the sheriff, and asked him why he did not go on and serve the warrant. Judge Caudill testified that Hayes came to see him two or three times. He saw the filling station going up, and wanted it stopped. If this were a case where Hayes had merely suggested to Judge Caudill that he wanted the erection of the filling station stopped, and had left entirely to him the method of procedure, a different question would be presented. The evidence, however, does not stop there. Hayes not only procured the warrant to be issued, but, after it was issued, went to the sheriff, and asked him why he did not go on and have the warrant served. In the circumstances there can be no doubt that it was for the jury to say whether or not Hayes maliciously caused the warrant to be issued and the prosecution to be commenced. Cumberland State Bank v. Ison, 218 Ky. 412, 291 S. W. 405.

Instruction No. 1 is as follows:

"You are instructed that the plaintiff had not been guilty of committing the offense of unlawfully

obstructing the public highway at the time the warrant of arrest charging him with committing said offense was issued by the county judge of Rockcastle county, and that said warrant of arrest was issued without probable cause; and, if the jury believe from the evidence that the defendant maliciously caused said warrant of arrest to be issued and said prosecution to be commenced, then you should find for the plaintiff, but, unless you shall so believe, you should so find for the defendant.''

It is insisted that the instruction is erroneous in assuming that the warrant was issued without probable cause. It is the rule in this state that whether certain facts constitute probable cause is a question of law for the court, but whether such facts are proven is a question for the jury. Cumberland State Bank v. Ison, supra; Schwartz v. Boswell, 156 Ky. 103, 160 S. W. 748. Here there is no dispute as to the facts. The uncontradicted testimony shows that Ketron did not obstruct the public highway, and even appellant's own testimony fails to show that he had such grounds as would induce a man of ordinary prudence to believe that Ketron had obstructed the public highway. In the circumstances, only a question of law was presented, and the court did not err in telling the jury that the prosecution was without probable cause.

Lastly, it is insisted that the verdict is excessive. In a case like this the party injured may recover for the humiliation, mortification, and loss of reputation that he has sustained by reason of the prosecution. It is at once apparent that these elements are difficult of ascertainment, and, a jury of twelve disinterested men being the tribunal to which the law has given the power to determine the question, we are not at liberty to set aside its verdict, unless the amount allowed is so glaringly excessive as to strike us at first blush as being the result of prejudice or passion (Welch v. Jenkins, 190 Ky. 475, 227 S. W. 798; Green River Light & Water Co. v. Beeler, 197 Ky. 818, 248 S. W. 201), a view that we are not inclined to take in the circumstances here presented (Barnes v. Culver, 192 Ky. 10, 232 S. W. 39.)

Judgment affirmed.