## Roberts v. Roberts.

(Decided June 21, 1929.)

O. H. POLLARD for appellant.

GRANNIS BACH and G. C. ALLEN for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

In this action for criminal conversation, the appellee secured a verdict of $10,000, and, from the judgment entered on that verdict, this appeal is prosecuted.

Appellee and John Roberts were married many years ago while he was attending school in Knott county. They later removed to Breathitt county, where by thrift and frugality they acquired some little property, and John Roberts became a man of some distinction in his community. He was elected magistrate, and under the administration of President Wilson was appointed a deputy United States Marshal, with headquarters at Jackson, Ky. At that time the appellant, then known as Sis Combs, the widow of Cooley Combs, was running a hotel at Jackson and John Roberts when in Jackson made his headquarters at her place. In the fall election of 1917 he was elected sheriff of Breathitt county, and thereafter he continued to make his headquarters at the Combs Hotel, seeming to prefer it to the home where his wife and child lived. According to the proof for the appellee, her husband became much infatuated with Mrs. Combs, and, if appellee's proof is to be believed, as it was by the jury, many acts of criminal conversation occurred between John Roberts and the appellant during the year beginning September, 1920, and ending September, 1921, being the time to which appellee's suit was confined. Of course appellant denied the acts testified to by appellee's witnesses and sought to explain why she was so often found at night in the room of John Roberts attired in her nightclothes, which explanation, if it had been believed by the jury might have exculpated her. Plainly it was in the province of this body to accept her version or that of the witnesses of the appellee. Finally, in the fall of 1921 appellee brought a suit for divorce against her husband and this suit against the appellant which charged not only criminal conversation but also alienation of affections. The latter charge was abandoned on the trial and not submitted to the jury. On the first trial the appellee secured a verdict of $10,000, which the lower court set aside. While the litigation was pending appellee secured her divorce from John Roberts, and about a year later he and the appellant were married. On the second trial of this case the appellee again se-

cured a verdict of $10,000 and it is from the judgment on this verdict that this appeal is prosecuted.

Appellant insists that she was entitled to a peremptory instruction first, because, in the absence of a statute conferring such right, a married woman has no cause of action against her husband's paramour for criminal conversation. Exactly the opposite was held in the case of Turner v. Heavrin, 182 Ky. 65, 206 S. W. 23, 4 A. L. R. 562, as appellant concedes. She insists, however, that this case is not sound and should be overruled, but after carefully reconsidering it we adhere to the conclusions therein set out. It has been cited with approval in the case of Oppenheim v. Kridel, 236 N. Y. 156, 140 N. E. 227, 28 A. L. R. 320, wherein the New York Court of Appeals reached the same result as we did in the Turner case supra, and on about the same grounds and by the same reasoning. Its soundness was also approved by the editorial writer in 32 Harvard Law Review, 576. We see no good reason for departing from it.

The second ground relied on for a peremptory instruction is that the proof does not sustain appellee's charge. This contention is based on the idea that appellant's explanation of why she was so often seen in a state of dishabille at nighttime in the room of John Roberts established her innocence. But appellant fails to take into account that the jury did not have to believe her explanation, as it evidently did not, and could, as it did, accept the version of the transactions as given by appellee's witnesses.

It is next argued that the first instruction is erroneous because it warranted the jury to find for certain elements of damage which appellant contends are not proper in suits for criminal conversation. The instruction complained of is the identical one which this court in the case of Merritt v. Cravens, 168 Ky. 155, 181 S. W. 970, L. R. A. 1917F, 935, directed to be given in a case of criminal conversation.

Lastly it is argued that the verdict of $10,000 is excessive and was given under the influence of passion and prejudice; the jury having been bludgeoned into returning the verdict it did by the presence of some twenty or thirty leading ladies of the town who entered the courthouse just about the time the arguments were to begin and arrayed themselves behind the appellee. The ap-

pellant made no motion to set aside the swearing of the jury and to continue the case when these ladies appeared on the scene. She chose to take her chance with the jury. It returned exactly the same verdict as was returned on the first trial, by a jury which it is not claimed was influenced in any fashion. The size of the verdict is large, but the offense of appellant was of continued aggravation, bringing to appellee sorrow, pain, and the loss of that love and consortium on the part of her husband to which she had the right by human and divine law. In the case of Hayes v. Ketron, 223 Ky. 119, 3 S. W. (2d) 172, we said that, in a case where a party may recover for humiliation and mortification, disgrace and shame, it is of course apparent that such elements are difficult of ascertainment and that, a jury of twelve disinterested men being the tribunal to which the law has given the power to determine the question, we are not at liberty to set aside its verdict unless the amount allowed is so glaringly excessive as to strike us at first blush as being the result of prejudice or passion. We cannot say that, under the facts disclosed by this record, the verdict was of such character as to require its setting aside as being so excessive as to strike us at first blush as being the result of passion or prejudice.

No error prejudicial to appellant's substantial rights appearing, the judgment of the lower court is affirmed.