## Bailey v. Travis.

December 2, 1949.

I. C. James and Chas. S. Matherly for appellant.

Draffen & Dean for appellee.

JUDGE LATIMER—Affirming.

Appellee, Thomas Travis, instituted this action against appellant, William S. Bailey, seeking judgment for alienation of the affection of his wife. By amendment appellee withdrew his allegations pertaining to the alienation of affection and the cause went to trial upon the issue of criminal conversation. The jury returned a verdict of $2500. Bailey appeals insisting: (1) He was entitled to a peremptory instruction; (2) The verdict was clearly the result of passion and prejudice; and (3) The verdict was excessive.

We shall not attempt to reiterate the sordid story disclosed by the record. Under ground (1) appellant says that he was entitled to the peremptory instruction because there was not a scintilla of evidence that the act was committed after the 8th day of June 1947, since the action must have been brought within 1 year from the time the act was committed. The petition was filed on the 8th day of June 1948. Consequently, the act must have been committed sometime after the 8th day of June 1947, or appellant should have been given a peremptory instruction. Appellant spends considerable time discussing this phase of the case, apparently overlooking the fact that appellee testified the act took place sometime in July 1947. True, there was some contradiction in appellee's testimony but that goes only to the credibility of the witness. Appellee gave a vivid description of the circumstances leading up to and consummation of the alleged act. It cannot be persuasively argued that there was not a scintilla of evidence that the act was committed after the 8th day of June 1947.

In argument on ground (2) it is insisted that the testimony of three witnesses, as introduced, clearly and definitely aroused the passion and prejudice of the jury. It will be noted that the testimony objected to was to the effect that these parties had seen appellant frequently go to the home of appellee in appellee's absence, and that appellant had made statements regard-

ing his attention to appellee's wife, among which was the statement to his son-in-law, Williard Steele, that he believed ''He could fool with her'' and the admission to this son-in-law that Travis had caught him with his wife. There was also the statement to one of the three witnesses that he had paid Mrs. Travis $20 to let him fool with her. Considerable complaint is made about the testimony of these witnesses, which appellant says was introduced only to excite the passion and prejudice of the jury. However, a careful examination of appellant's testimony nowhere shows any contradiction of those statements. Obviously, the testimony was competent.

In the third ground he insists the verdict is excessive. This position appears to be predicated upon the ground that appellee, himself, was unfaithful to his own wife and is, himself, a philanderer. In fact, most of the proof introduced by appellant in his defense was relative to alleged illicit relations on the part of appellee, the worst of which seemed to consist in testimony that Travis was seen talking on a number of occasions to a Mrs. Reed in a store and was seen with her in an automobile sometime after appellee and his wife had separated. According to the testimony, there, no doubt, was some smoke, but we have been unable to detect any flame.

In cases of this character where the elements of humiliation, mortification, disgrace and shame, enter in, it is difficult to ascertain what should be a proper amount of recovery. In the very early case of Dorman v. Sebree, 52 S. W. 809, 811, 21 Ky. Law Rep. 634, wherein a verdict of $4375 was affirmed, in an action for criminal conversation, the court said:

''We do not feel authorized to disturb the verdict on account of the amount assessed. In cases of this character, the question of damage is very largely solely for the jury. The courts have seldom interfered in this class of cases on account of the amount of the verdict.''

In Roberts v. Roberts, 230 Ky. 165, 18 S. W. 2d 981, 982, an action brought by a wife against husband's paramour, judgment in the sum of $10,000 was sustained by this court. The question of excessiveness was raised in the Roberts case. The court said:

"In the case of Hayes v. Ketron, 223 Ky. 119, 3 S. W. 2d 172, we said that, in a case where a party may recover for humiliation and mortification, disgrace and shame, it is of course apparent that such elements are difficult of ascertainment and that, a jury of 12 disinterested men being the tribunal to which the law has given the power to determine the question, we are not at liberty to set aside its verdict unless the amount allowed is so glaringly excessive as to strike us at first blush as being the result of prejudice or passion. We cannot say that, under the facts disclosed by this record, the verdict was of such character as to require its setting aside as being so excessive as to strike us at first blush as being the result of passion or prejudice."

In no one of the grounds urged for reversal can we agree with appellant. We find no error.

The judgment is affirmed.