Elizabeth VAUGHN, Appellant,

v.

Edna BLACKBURN, Appellee.

Court of Appeals of Kentucky.

Sept. 20, 1968.

Joe Hobson, Burnis Martin, Prestonsburg, for appellant.

J. B. Clarke, W. W. Burchett, Prestonsburg, for appellee.

DAVIS, Commissioner.

In a suit alleging criminal conversation, Elizabeth Vaughn obtained a verdict of $10,000 against Edna Blackburn based upon the alleged adultery between Edna Blackburn and Jake Vaughn, husband of Elizabeth. Upon motion for new trial the trial court set aside the verdict on the sole ground of excessive damages. Upon a second trial of all the issues, another jury found against Elizabeth Vaughn. She prosecutes this appeal asserting that the trial court erred in granting the new trial and seeks to have the original verdict and subsequent judgment upon it reinstated.

■ The appellee relies heavily on City of Louisville v. Allen, Ky., 385 S.W.2d 179, in which this court dealt in depth with the scope of appellate review respecting the granting of new trials. The teaching of City of Louisville v. Allen, supra, and the authorities it discusses is that the granting of a new trial is a matter of judicial discretion and will not be disturbed on appeal unless there is an abuse of that discretion. Put another way, the trial court's ruling in granting a new trial will not be reversed unless it is demonstrated that it is clearly erroneous. We adhere to those principles and examine the record of the first trial to measure the judicial discretion exercised in granting a new trial against the guidelines as recounted in City of Louisville v. Allen, supra.

Elizabeth Vaughn operated a restaurant characterized as a "truck stop" known as the Sugar Loaf Cafe. She engaged Edna Blackburn to work for her at the restaurant. Edna's duties included serving as a waitress, washing dishes, and performing the myriad of tasks incident to the operation of the business. It appears that the establishment was equipped with pinball machines and a juke box. The counting of coins from some of these machines was a chore usually accomplished at the close of business.

There were sleeping quarters above the restaurant. On some occasions Jake Vaughn used those quarters; there were other lodgers in addition to Edna and other female employees who had sleeping rooms over the restaurant. On at least one occasion when Mrs. Vaughn was out of the state in connection with illness in her family, Edna was seen to go into the bedroom of Jake where she spent about an hour. She was attired in her night clothing, and the occasion was late in the evening. Edna admitted this incident and explained that her only purpose was to count the nickels from the coin machines. She insisted that nothing improper occurred in the hour or more she spent in Jake's bedroom.

At another time Edna admitted that she called a taxi which transported her to a point on the highway where Jake Vaughn was awaiting her. Jake joined her in the taxi, and they proceeded to a motel in an adjoining county where they registered under an assumed name as man and wife from Ohio. Edna was frank to say that she had signed the registry and spent the night in the motel room with Jake but insisted that this rendezvous was solely for the purpose of a beer drinking party by her and Jake.

There was testimony of other indiscretions such as Edna's sitting on Jake's lap and putting her arms around him in an amorous manner, but the two episodes just referred to constituted the main thrust of the proof for Mrs. Vaughn.

■ In order to maintain an action for criminal conversation, sexual inter-

course must be proven. Scott v. O'Brien, 129 Ky. 1, 110 S.W. 260, 33 Ky.Law Rep. 450, 16 L.R.A.,N.S., 742, 130 Am.St.Rep. 419; Merritt v. Cravens, 168 Ky. 155, 181 S.W. 970, L.R.A.1917F, 935. It is established in this jurisdiction that a wife may maintain an action for criminal conversation against her husband's paramour. Turner v. Heavrin, 182 Ky. 65, 206 S.W. 23, 4 A.L.R. 562; Roberts v. Roberts, 230 Ky. 165, 18 S.W.2d 981. Appellee argues that the trial court's setting aside of the verdict was appropriate on the theory that there was a failure to prove sexual intercourse so that the damages awarded were obviously excessive. This reasons in a circle, since the court obviously felt that there was proof of sexual intercourse or else it would have granted appellee's motion for a directed verdict.

We think it is patent that Mrs. Vaughn adduced sufficient evidence to warrant a jury's finding that Edna Blackburn and Jake Vaughn had indeed engaged in sexual relations at a time when Jake and Elizabeth were married to each other. No elaboration is necessary to support the proposition that a fact finding body is warranted in concluding that a man and woman have engaged in sexual intercourse when they spend the night together in a motel under assumed names. The admitted nocturnal interlude in Jake's bedroom lends further proof supporting such a conclusion. It is apparent that the trial judge considered that there was abundant circumstantial evidence of sexual intercourse, and indeed he did not set aside the first verdict for a failure of such proof.

It remains then to examine the record of the first trial with the view of deciding whether the trial court abused its discretion in setting aside the verdict of $10,000 as being excessive. It is observed that in Roberts v. Roberts, supra, this court declined to set aside a verdict of $10,000 in a criminal conversation action as being excessive. In the course of the Roberts opinion it was pointed out that re-

covery is allowed for humiliation, mortification, disgrace, and shame engendered by the incident of criminal conversation. These human sentiments are not readily translatable into monetary values. In 27 Am.Jur., Husband and Wife, Section 544, Page 143, it is said:

"The determination of the pecuniary value of such losses and injuries as are considered in finding damages in an action for criminal conversation, * * * is not impossible, but because of their nature, it is difficult to formulate a rule whereby such losses and injuries may be measured pecuniarily."

There was nothing in the record of the first trial to suggest that Mrs. Vaughn experienced no humiliation, mortification, disgrace, and shame. On the contrary, it was made to appear that she did endure these experiences, and we are at a loss to determine how it could be judicially known from the record that the sum of $10,000 is such an excessive award in these circumstances as to warrant setting aside the jury's verdict. The facts in the Roberts case, decided in 1929, are strikingly similar to those at bar, although the sexual intercourse was admitted by one of the parties engaged in it and appears to have persisted longer and occurred more frequently than is shown to be the case here. Nevertheless, we are impelled to the conclusion that the trial court abused its discretion in granting a new trial on the sole ground that $10,000 is an excessive award under the facts of the case at bar.

The appellee does not suggest that there was other error in the original trial. Although she maintains that there was a failure of proof of sexual relations, she does not contend that she was entitled to a directed verdict nor has she preserved such a contention for appellate review even if she were to make it.

The judgment is reversed with directions to set aside the verdict and judgment as rendered upon the second trial and rein-

state the judgment based upon the verdict of $10,000 obtained at the first trial.

MONTGOMERY, C. J., and MILLI-KEN, OSBORNE, PALMORE, STEIN-FELD, and WILLIAMS, JJ., concur.

HILL, J., not sitting.