

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00241-CR

EHVAN REYNA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2020-420,635, Honorable Douglas H. Freitag, Presiding

February 27, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Ehvan Reyna, appeals the trial court's judgment revoking his community supervision. By two issues, Appellant contends that the trial court abused its discretion by revoking his community supervision and violated his due process rights by not considering the full range of punishment. We affirm the judgment of the trial court.

**BACKGROUND**

On May 24, 2020, Appellant, while driving his vehicle between 81 and 91 mph on University Avenue in Lubbock, Texas, struck a vehicle that was turning across University. The collision forced the other vehicle into a nearby utility pole. The driver of that vehicle, June Linker, died because of the crash. The speed limit in that portion of University was 45 mph. As a result of the accident, Appellant was charged with manslaughter.[1] In accordance with a plea agreement, Appellant pleaded guilty, was convicted of the offense, and was sentenced to ten years' incarceration. The trial court suspended Appellant's sentence and placed him on community supervision for a period of ten years. The first term of Appellant's community supervision directed that he "[c]ommit no offense against the laws of this or any other State or the United States."

On May 12, 2022, less than two years after causing the death of Linker and approximately six months after being placed on community supervision, Appellant was arrested in Lubbock for the offense of reckless driving. The State filed a motion to revoke community supervision alleging that Appellant had violated the terms of his community supervision by committing the offense of reckless driving. At the hearing on the State's motion, Lubbock Police Department Officer Trey Mayer testified that at approximately 9:51 a.m. on May 12, he was positioned in the 5400 block of the Marsha Sharp Freeway. Mayer's location was approximately 100 feet from an EMS station that has no emergency lights on the street that would let traffic on the access road know that an emergency vehicle is entering the roadway. Mayer saw a vehicle approaching his location on the

---

[1] *See* TEX. PENAL CODE ANN. § 19.04.

access road and, using his laser, determined that the vehicle was travelling at 90 mph. He initiated a traffic stop because the speed limit on the access road is 50 mph. Appellant testified that he was speeding because he received a phone call from his fiancée that she was having some medical issues and needed him to come pick her up from her job. At the close of evidence, the trial court found the State's allegation to be true and sentenced Appellant to ten years' incarceration. Appellant timely filed notice of appeal from the resulting judgment.

Appellant presents two issues by his appeal. By his first issue, Appellant contends that the trial court abused its discretion by revoking Appellant's community supervision. By his second issue, Appellant contends that the trial court erred in sentencing Appellant to ten years' incarceration without considering the full range of punishment.

### ISSUE ONE: REVOCATION OF APPELLANT'S COMMUNITY SUPERVISION

By his first issue, Appellant contends that the trial court abused its discretion by revoking his community supervision because the State failed to meet its burden to establish that Appellant violated the terms of his community supervision.

Appellate review of an order revoking community supervision is under an abuse of discretion standard. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). "In a revocation proceeding, the trial court has discretion to revoke community supervision when a preponderance of the evidence supports one of the State's allegations that the defendant violated a condition of his community supervision." *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012) (op. on reh'g). In conducting this review, we must view the evidence in the light most favorable to the verdict. *Garrett v. State*, 619

S.W.2d 172, 174 (Tex. Crim. App. 1981).  The trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony.  *Hacker*, 389 S.W.3d at 865.  "The central issue to be determined in reviewing a trial court's exercise of discretion in a probation revocation case is whether the probationer was afforded due process of law."  *DeGay v. State*, 741 S.W.2d 445, 450 (Tex. Crim. App. 1987) (en banc).

"A person commits an offense [of reckless driving] if the person drives a vehicle in wilful or wanton disregard for the safety of persons or property."  TEX. TRANSP. CODE ANN. § 545.401(a).  The Texas Supreme Court has indicated that "willful" and "wanton" conduct includes "'highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent.'"  *Tarrant Cnty. v. Bonner*, 574 S.W.3d 893, 901 (Tex. 2019) (quoting W. PAGE KEETON ET AL., PROSSER AND KEETON ON TORTS § 34, 212, 214 (5th ed. 1984)).

In the present case, the evidence established that Appellant was driving at 90 mph on an access road with a posted speed limit of 50 mph.  Appellant sped past the entrance to an EMS station that does not have an emergency light to warn drivers that an emergency vehicle might be entering the roadway.  This incident occurred less than two years after Appellant caused the death of a motorist due to driving at a speed nearly twice that of the posted speed limit.  In that regard, Appellant acknowledged that June Linker is dead because he was "driving fast," and, because of that accident, he is aware that it is difficult to stop at 90 mph if someone pulls out in front of you.  Considering all of the evidence in the light most favorable to the verdict, we do not conclude that the trial court abused its discretion by determining that a preponderance of the evidence established that Appellant violated the terms of his community supervision by committing the offense

4

of reckless driving. We specifically note that the trial court need not turn a blind eye to the fact that Appellant had recently caused the death of another motorist due to his excessive speeding. The trial court could reasonably consider that accident to be a relevant factor in determining whether the State proved by a preponderance of the evidence that Appellant committed the offense of reckless driving.

We overrule Appellant's first issue.

### ISSUE TWO: CONSIDERATION OF FULL RANGE OF PUNISHMENT

By his second issue, Appellant contends that the trial court erred in sentencing him to ten years' incarceration without considering the full range of punishment. Appellant's contention is premised on the fact that the trial court stated, when rendering punishment, that "the court sentences you according to the plea agreement to the underlying sentence of ten years['] confinement in the [I]nstitutional [D]ivision of the Texas Department of Criminal Justice." Appellant contends that this statement "clearly shows" that the trial court did not consider the full range of punishment.

A court's arbitrary refusal to consider the entire range of punishment constitutes a denial of due process. *Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014). Whether a court's sentencing comports with constitutional due process requirements is reviewed de novo. *See Ex parte Brown*, 158 S.W.3d 449, 453 (Tex. Crim. App. 2005) (orig. proceeding) (per curiam) (due process claim contending trial court prejudged punishment is conclusion of law reviewed de novo). Absent a clear showing of bias or misconduct, we presume that the trial judge was neutral and detached. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006).

5

In the present case, Appellant pleaded guilty by plea agreement to the second-degree felony offense of manslaughter. The punishment range for a second-degree felony is not more than 20 years or less than two, and a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.33. The ten-year sentence imposed by the trial court is well within the statutory range. Appellant agreed to this ten-year sentence in agreeing to the plea bargain. *See Grado*, 445 S.W.3d at 740 ("In a negotiated plea bargain that contemplates a particular offense of conviction and punishment to be imposed, a defendant is expressly giving up a whole host of rights, including the right to be sentenced by a judge considering the entire range of punishment . . . ."). The statement highlighted by Appellant was made by the trial court at the revocation proceeding and after it had heard the evidence against Appellant. *See Sanchez v. State*, 989 S.W.2d 409, 411–12 (Tex. App.—San Antonio 1999, no pet.) (finding similar statement not indicative that trial court failed to consider entire range of punishment). Nothing in the record reflects that the trial court had prejudged the sentence it imposed. Rather, the trial court stated that it made its ruling "[b]ased upon the testimony and the evidence presented to the Court" at the revocation hearing.

We overrule Appellant's second issue.

## CONCLUSION

Having overruled both of Appellant's issues, we affirm the trial court's judgment.

Judy C. Parker
Justice

Do not publish.

6